MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2822

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

RAJKO LJUTICA,

              Plaintiff,

              v.

ALBERTO R. GONZALES, U.S. Attorney
General, MICHAEL CHERTOFF, Secretary,
Department Homeland Security, EDUARDO
AGUIRRE, Director, U.S. Citizenship and
Immigration Services, ANDREA J.
QUARANTILLO, Field Office Director, New
York,

              Defendants.
------------------------------------------------------------ x

Electronically Filed

07 Civ. 6129 (JSR)

ANSWER

       Defendants Alberto R. Gonzales, U.S. Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, Dr. Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("CIS"),[1] , and Andrea J. Quarantillo, Field Office Director, New York (collectively, "defendants" or the "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of Rajko Ljutica (the "complaint"), upon information and belief, as follows:

---

[1] Eduardo Aguirre, originally named as a defendant in this lawsuit, is no longer the Director of CIS. Pursuant to Fed. R. Civ. P. 25(d), Dr. Emilio Gonzalez, the present Director, is automatically substituted for Mr. Aguirre as a defendant.

1. The first unnumbered paragraph sets forth plaintiff's characterization of the action, to which no response is required.

2. Paragraph 1 under the heading "Jurisdiction and Venue" sets forth plaintiff's assertions concerning jurisdiction, to which no response is required. Defendants respectfully refer the Court to the statute cited in paragraph 1 for an accurate statement of its provisions.

3. Paragraph 2 under the heading "Jurisdiction and Venue" sets forth plaintiff's assertions concerning jurisdiction, to which no response is required. Defendants respectfully refer the Court to the statutes cited in paragraph 2 for accurate statement of their provisions.

4. Paragraph 3 under the heading "Jurisdiction and Venue" sets forth plaintiff's assertions concerning venue, to which no response is required. Defendants respectfully refer the Court to the statute cited in paragraph 1 for accurate statement of its provisions.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 under the heading "Parties," except admits that plaintiff's application for permanent residence was approved on November 9, 1988.

6. Paragraph 2 under the heading "Parties" sets forth conclusions of law, to which no response is required. To the extent a response is required, aver that Alberto Gonzales is the Attorney General of the United States, that Michael Chertoff is the Secretary of Homeland Security, and CIS is the agency that adjudicates naturalization applications.

7. Paragraph 3 under the heading "Parties" sets forth conclusions of law, to which no response is required. To the extent a response is required, deny the allegations in paragraph 3 and aver that Dr. Emilio T. Gonzalez is the Director of CIS.

8. Paragraph 4 under the heading "Parties" sets forth conclusions of law, to which no

response is required. To the extent a response is required, aver that Andrea Quarantillo is the District Director of the New York District of CIS.

9. In response to paragraph 5 of the complaint, admit that plaintiff submitted an application to the CIS seeking to become a naturalized citizen of the United States ("naturalization application" or "N-400 application") on March 28, 2005, and that plaintiff submitted a Request for a Hearing on a Decision in Naturalization Proceedings ("N-336 request") on October 16, 2006, respectfully refer the Court to those documents for an accurate statement of their contents.

10. Admit the allegations in paragraph 6 of the complaint.

11. Admit the allegations in the first and third sentences of paragraph 7 of the complaint. Deny knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in paragraph 7.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint, except aver that plaintiff was interviewed by a CIS officer on November 16, 2005, that plaintiff passed the tests of English and U.S. history and government, and that plaintiff was issued a Naturalization Interview Results form on November 16, 2005.

13. In response to paragraph 9 of the complaint, admit that CIS issued an initial decision denying plaintiff's naturalization application on September 18, 2006 (the "September 18, 2006 decision"), and respectfully refer the Court to the September 18, 2006 decision for an accurate statement of its contents.

14. In response to paragraph 10 of the complaint, admit that plaintiff submitted an N-336 request and a supporting brief to CIS on October 16, 2006, and respectfully refer the Court to these

documents for an accurate statement of their contents.

15. Admit the allegations in paragraph 11 of the complaint.

16. Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, admit that CIS conducted an interview of plaintiff on February 8, 2007, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and respectfully refer the Court to the statute cited in paragraph 12 for an accurate statement of its provisions.

17. Paragraph 13 contains conclusions of law to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and respectfully refer the Court to the decision cited in paragraph 13 for an accurate statement of its holding.

18. Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and respectfully refer the Court to the decision cited in paragraph 14 for an accurate statement of its holding.

19. In response to paragraph 15 of the complaint, admit that Andrea J. Quarantillo, District Director for the New York District of CIS, issued a final administrative decision denying plaintiff's naturalization application on March 9, 2007 (the "March 9, 2007 decision"), and respectfully refer the Court to the March 9, 2007 decision for an accurate statement of their contents.

20. Paragraph 16 of the complaint sets forth legal conclusions to which no response is required. To the extent a response is required, aver that plaintiff submitted an N-336 request to CIS on October 16, 2006.

21. Paragraph 17 of the complaint sets forth plaintiff's claim for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 17.

22. Paragraph 18 of the complaint sets forth plaintiff's claim for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 18, and respectfully refer the Court to the decision cited therein for an accurate statement of its holding.

23. The unnumbered paragraph under the heading "Prayer for Relief" sets forth plaintiff's claim for relief, to which no response is required. To the extent a response is required, deny the allegations in this unnumbered paragraph.

FIRST DEFENSE

The administrative decisions issued by CIS on September 18, 2006 and, upon further review, March 9, 2007, denying plaintiff's naturalization application, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the Attorney General's broad discretion in naturalization matters.

SECOND DEFENSE

Plaintiff cannot establish good moral character under 8 U.S.C. §1427(a) and 8 C.F.R. § 361.10(b) because he was convicted of an aggravated felony, as defined in section 101(a)(43) of the Immigration and Nationality Act, after November 29, 1990.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
       September 17, 2007

> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
> Attorney for Defendants
>
> By:    /s/ Kristin Vassallo
> KRISTIN L. VASSALLO
> Assistant United States Attorney
> 86 Chambers Street
> New York, New York  10007
> Tel. No.:  (212) 637-2822

To:   Walter Drobenko, Esq.
      Drobenko & Associates, P.C.
      Attorneys for Plaintiff
      25-84 Steinway Street
      Astoria, New York 11103