# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

     -v-

                              **INDICTMENT**

JILLIAN NUTTBROCK, a/k/a "Jillian
Ljutica," and RAJKO LJUTICA,       :   91 Cr.

               Defendants.  **91 CRIM. 1029**

- - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.    From in or about October, 1989, up to and includ-
ing on or about April 26, 1990, in the Southern District of New
York, JILLIAN NUTTBROCK, a/k/a/ "Jillian Ljutica," and RAJKO
LJUTICA, the defendants, and others known and unknown, unlawfully,
willfully, and knowingly did combine, conspire, confederate, and
agree together and with each other to commit an offense against the
United States, namely, to violate Section 1344 of Title 18, United
States Code.

2.    It was an object of the conspiracy that JILLIAN
NUTTBROCK, a/k/a/ "Jillian Ljutica," and RAJKO LJUTICA, the
defendants, and others known and unknown, would unlawfully,
willfully, and knowingly attempt to execute a scheme and artifice
to obtain money, funds, credits, assets, securities and other
property under the custody of a financial institution, namely,
Security Pacific National Trust Company, 2 Rector Street, New York,
New York (the "Bank"), the deposits of which were then insured by
the Federal Deposit Insurance Corporation, by means of false and

fraudulent pretenses, representations, and promises, in violation of Section 1344 of Title 18, United States Code.

## OVERT ACTS

3.    In furtherance of said conspiracy and to effect the objects thereof, JILLIAN NUTTBROCK, a/k/a/ "Jillian Ljutica," and RAJKO LJUTICA, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York:

a.    On or about April 18, 1990, the defendant RAJKO LJUTICA opened an account at a Manufacturers Hanover Trust Bank branch office located at 1230 Avenue of the Americas, New York, New York.

b.    On or about April 20, 1990, the defendant JILLIAN NUTTBROCK, a/k/a/ "Jillian Ljutica," fraudulently initiated procedures to transfer approximately $475,025.25 from an account maintained at Security Pacific Bank by a client of her employer into the account described in subparagraph (a) above.

(Title 18, United States Code, Section 371.)

## COUNT TWO

The Grand Jury further charges:

4.    Between on or about April 18, 1990, and on or about April 26, 1990, in the Southern District of New York, JILLIAN NUTTBROCK, a/k/a/ "Jillian Ljutica," and RAJKO LJUTICA, the defendants, unlawfully, willfully, and knowingly did attempt to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property under the custody of a

A TRUE COPY
JAMES M. PARKISON, Clerk

By

Deputy Clerk

financial institution, namely, Security Pacific National Trust Company, 2 Rector Street, New York, New York (the "Bank"), the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, namely, by the defendant, JILLIAN NUTTBROCK, initiating a fraudulent wire transfer directing the Bank to transfer approximately $475,025.25 from an account not owned by the defendants into an account maintained and controlled by the defendant, RAJKO LJUTICA, at another financial insitution.

(Title 18, United States Code, Sections 1344 and 2.)


_Laracuente_
FOREPERSON

_Otto G. Obermaier_
OTTO G. OBERMAIER

# Exhibit G



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 20, 1993

David W. Schmidt, Esq.
321 Broadway
New York, New York 10007

> Re:  **United States v. Rajko Ljutica**
>      **91 Cr. 1029 (SWK)**

Dear Mr. Schmidt:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York (the "Office") will accept a guilty plea from RAJKO LJUTICA to Count Two of the above-referenced indictment.  Count Two charges that in April 1990, in the Southern District of New York, RAJKO LJUTICA and co-defendant Jillian Nuttbrock, a/k/a "Jillian Ljutica," unlawfully, willfully, and knowingly did attempt to execute a scheme to obtain money under the custody of a financial institution insured by the Federal Deposit Insurance Corporation by means of false pretenses, namely, by Nuttbrock initiating a fraudulent wire transfer directing the transfer of approximately $475,025.25 from an account not owned by the defendants into an account maintained by RAJKO LJUTICA at another financial institution, in violation of Title 18, United States Code, §§ 1344 and 2.  This Count carries a maximum sentence of thirty years' imprisonment, a maximum fine of $1,000,000, a $50 special assessment that Ljutica agrees to pay before sentencing, and supervised release of five years.

In consideration of RAJKO LJUTICA's plea to the above offense, the Office, at the time of sentencing, will move to dismiss the remaining count against LJUTICA in the above indictment.

Pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following:

1.  Sentencing Guideline § 2F1.1(a) (as in effect November 1, 1992) is applicable to the offense charged in Count Two of Indictment 91 Cr. 1029 (SWK), resulting in a base offense level of 6.

David W. Schmidt, Esq.
May 20, 1993
Page -2-

2. Under the circumstances of this case, an acceptable method of determining the "loss" figure to be applied to the offense level table of § 2F1.1(b) is $475,025.25, the amount the defendants would have realized had the scheme charged in Count Two been successful. This figure results in an increase of 9 in the offense level.

3. The offense involved more than minimal planning; pursuant to § 2F1.1(b)(2), this results in an increase of 2 in the offense level.

4. Assuming a plea allocution acceptable to the Court, and in light of the defendant's timely notification of her intention to enter a plea of guilty, which notification will permit the Government and the Court to allocate its resources efficiently, a 3 level reduction in the offense level for acceptance of responsibility is warranted under Sentencing Guidelines § 3E1.1(b).

5. In accordance with paragraphs 1 through 4 above, the applicable Guidelines offense level is 14.

6. Based on information presently available to the Office, Ljutica's Criminal History category is Category I.

7. The Guidelines range established by the Sentencing Commission for offense level 14 for an individual in Category I is 15 to 21 months.

The parties further stipulate that neither party will seek any departure from the Guidelines sentencing range described in paragraph 7 above.

Pursuant to Sentencing Guidelines §6B1.4(d), it is understood that neither the Court nor the Probation Department is bound by the foregoing Guidelines Stipulations, either as to questions of fact or as to determination of the correct Guidelines to apply to the facts. Further, nothing in this Agreement limits the right of the Office to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts relevant to sentencing, to RAJKO LJUTICA's sentencing range, and to Ljutica's criminal history category, that are available to the Office at the time of sentencing.

It is understood that the sentence to be imposed upon RAJKO LJUTICA is determined solely by the sentencing Judge. The Office cannot and does not make any promise or representation as to what sentence Ljutica will receive.

David W. Schmidt, Esq.
May 20, 1993
Page -3-

In the event the Probation Department or the Court contemplates any Guidelines adjustments, enhancements or calculations not referred to above, the parties each reserve the right to make all appropriate arguments concerning same.'

Notwithstanding the previous sentence, it is specifically understood and agreed that neither party will appeal a sentence by the Court that falls within the sentencing range calculated in paragraph 7 above, even should the Court and/or Probation Department reach that range by a Guidelines analysis different from that set forth in paragraphs 1 through 7 above.

The Office and RAJKO LJUTICA each reserve the right to make all appropriate arguments regarding at what point within the sentencing range calculated in paragraphs 1 through 7 above, or at such other sentencing range as the Court may determine, the defendant should be sentenced.

It is further understood that RAJKO LJUTICA will have no right to withdraw his plea of guilty should the sentence ultimately imposed by the Court differ from the range calculated in paragraphs 1 through 7 above. It is further understood that, in accordance with the provisions of Federal Rules of Criminal Procedure 11(e)(1)(B) & 11(e)(2), the recommendation set forth in paragraph 7 above is not binding on the Court or the Probation Department, and Ljutica will not be permitted to withdraw his plea of guilty if the Court ultimately rejects that recommendation.

David W. Schmidt, Esq.
May 20, 1993
Page -4-

      There are no promises, agreements or understandings between the Office and RAJKO LJUTICA other than as set forth herein.

                    Very truly yours,

                    ROGER S. HAYES
                    United States Attorney

By:

                    JOHN R. COFFEY
                    Assistant United States Attorney
                    (212) 791-1314

                    APPROVED:

                    ANDREW C. MCCARTHY
                    Chief, General Crimes Unit

AGREED AND CONSENTED TO:

RAJKO LJUTICA

APPROVED:

DAVID SCHMIDT, ESQ.
Attorney for RAJKO LJUTICA

                    May 26th 1993
                    DATE

                    5/w/93
                    DATE

# Exhibit H

1

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          91 Cr. 1029 (SWK)

5    JILLIAN NUTTBROCK, a/k/a "Jillian
     Ljutica," and RAJKO LJUTICA,
6
               Defendants.
7
     ------------------------------x
8
                                           May 26, 1993
9                                          3:15 p.m.

10   Before:

11              HON.  SHIRLEY WOHL KRAM

12                                         District Judge

13

14                      APPEARANCES

15

16   MARY JO WHITE
          United States Attorney for the
17        Southern District of New York
     JOHN P. COFFEY
          Assistant United States Attorney
18

19   INGA PARSONS, ESQ.,
          Attorney for Defendant Jillian Nuttbrock
20        52 Duane Street
          New York, New York
21
     DAVID W. SCHMIDT, ESQ.,
22        Attorney for Defendant Rajko Ljutica
          321 Broadway
23        New York, New York

24

25

            SOUTHERN DISTRICT REPORTERS (212) 637-0300

1          THE COURT:  Both defendants are pleading guilty

2    to Count 2 of the indictment?

3          MS. PARSONS:  That's correct, your Honor.

4          MR. SCHMIDT:  That's correct, your Honor.

5          THE COURT:  Then I will address my questions to

6    both of the defendants.

7          It is Jillian Nuttbrock and Rajko Ljutica?

8          You don't use the name Nuttbrock.

9          DEFENDANT J. LJUTICA:  No.

10          MS. PARSONS:  Nuttbrock is my clients maiden

11    name.

12          THE COURT:  I think we better use that name for

13    both of them under the circumstances.

14          Do you understand that I have been informed that

15    you wish to plead guilty to Count 2 of this indictment?

16          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

17          DEFENDANT J. LJUTICA:  Yes.

18          THE COURT:  Before accepting your guilty pleas,

19    there are a number of questions I have to ask you.  If you

20    don't understand my question or you want an opportunity to

21    speak to your lawyer, please tell me, because it's essential

22    for a valid plea that you understand everything I'm saying.

23    BY THE COURT:

24          Q.    Mrs. Ljutica, how old are you?

25          A.    Thirty years old.

SOUTHERN DISTRICT REPORTERS (212) 637-0300

1      Q.    And how many grades did you complete in school?

2      A.    High school and four years of college.

3            THE COURT:  Excuse me.  I want to swear you in.

4      JILLIAN LJUTICA and RAJKO LJUTICA.

5                  the defendants, having first been duly sworn,

6                  were examined and testified as follows.

7            THE COURT:  How old are you?

8            DEFENDANT R. LJUTICA:  I'm 35.

9            THE COURT:  And you?

10           DEFENDANT J. LJUTICA:  Thirty.

11           THE COURT:  And how many grades did you complete

12     in school?

13           DEFENDANT R. LJUTICA:  I completed high school

14     and I completed nautical superior maritime school and then I

15     graduated for master of foreign going, which is captain of

16     any vessel, which is another --

17           THE COURT:  Do you have any problem understanding

18     English?

19           DEFENDANT R. LJUTICA:  No, I don't, your Honor.

20           THE COURT:  You understand everything that is

21     happening here?

22           DEFENDANT R. LJUTICA:  Yes, I do.

23           THE COURT:  You understand everything I'm saying?

24           DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

25           THE COURT:  And would you tell me how many grades

4

1    you completed in school?

2            DEFENDANT J. LJUTICA:  Four years of high school

3    and four years of college.

4            THE COURT:  And do you have any problem speaking

5    or understanding English?

6            DEFENDANT J. LJUTICA:  No, I do not.

7            THE COURT:  Have either of you taken any drugs,

8    medicine, pills or had any alcoholic beverages within the

9    past 24 hours?

10            DEFENDANT J. LJUTICA:  No.

11            DEFENDANT R. LJUTICA:  No, your Honor.

12            THE COURT:  And do you understand what is

13    happening here today?

14            DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

15            THE COURT:  Does either counsel have any question

16    regarding the competence of these defendants to plead?

17            MS. PARSONS:  No, your Honor.  On behalf of

18    Mrs. Ljutica, I have no question as to her competency today.

19            MR. SCHMIDT:  On behalf of Mr. Ljutica, I do not.

20            MR. COFFEY:  The government has no question.

21            THE COURT:  Then I will make a finding for the

22    record that the defendants are competent to plead.

23            You have both discussed your case with your

24    attorney?

25            DEFENDANT R. LJUTICA:  Yes, I did, your Honor.

1          DEFENDANT J. LJUTICA:  Yes.

2          THE COURT:  Do you feel you discussed it

3  adequately?

4          DEFENDANT J. LJUTICA:  Yes.

5          DEFENDANT R. LJUTICA:  Yes, your Honor.

6          THE COURT:  Are you satisfied with your

7  attorneys' representation of you?

8          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

9          DEFENDANT J. LJUTICA:  Yes.

10          THE COURT:  I want you to understand if you are

11  not satisfied, the court can appoint other counsel for you

12  at no cost to you.

13          Do you understand that?

14          DEFENDANT J. LJUTICA:  Yes.

15          DEFENDANT R. LJUTICA:  Yes.

16          THE COURT:  I am now going to make sure that you

17  are aware of your constitutional rights.

18          Do you understand that under the Constitution and

19  the laws of the United States, you are entitled to a trial

20  by a jury on the charges contained in this indictment?

21          DEFENDANT J. LJUTICA:  Yes.

22          THE COURT:  You have to say yes or no, please.

23          DEFENDANT R. LJUTICA:  Yes.

24          THE COURT:  Do you understand at that trial you

25  would be presumed to be innocent and the government would be

1    required to prove you guilty by competent evidence beyond a

2    reasonable doubt before you could be found guilty and that

3    you would not have to prove your innocence?

4              DEFENDANT R. LJUTICA:  Yes.

5              DEFENDANT J. LJUTICA:  Yes, your Honor.

6              THE COURT:  Do you understand in the course of

7    that trial, witnesses for the government would have to come

8    to court and testify in your presence and your attorney

9    could cross-examine the witnesses for the government, object

10   to evidence offered by the government and offer evidence in

11   your behalf?

12             DEFENDANT J. LJUTICA:  Yes.

13             DEFENDANT R. LJUTICA:  Yes, your Honor.

14             THE COURT:  Do you understand that at that trial,

15   while you would have the right to testify if you wanted to

16   do so, you also would have the right not to testify and the

17   right not to be compelled to incriminate yourself and that

18   no inference or suggestion of guilt could be drawn from the

19   fact that you did not testify?

20             DEFENDANT J. LJUTICA:  Yes.

21             DEFENDANT R. LJUTICA:  Yes.

22             THE COURT:  Do you understand that the government

23   would have to prove its case against you beyond a reasonable

24   doubt to all the jurors?

25             DEFENDANT J. LJUTICA:  Yes.

1          DEFENDANT R. LJUTICA:  Yes.

2          THE COURT:  This is a guidelines case?

3          MS. PARSONS:  That's correct, your Honor.

4          THE COURT:  All right.  You will be sentenced

5    under the sentencing guidelines.

6          Has your attorney explained to you how the

7    sentencing guidelines operate and how they would affect your

8    case?

9          DEFENDANT J. LJUTICA:  Yes.

10          DEFENDANT R. LJUTICA:  Yes, your Honor.

11          THE COURT:  Do you understand that a sentencing

12    recommendation will be made in accordance with the

13    sentencing guidelines and I retain the discretion under

14    certain circumstances to impose the recommended sentence or

15    lesser or greater sentence up to the maximum permitted by

16    law, and if I impose a lesser sentence the government has a

17    right to appeal, if I impose a sentence which is greater

18    than the recommended sentence, you have the right to appeal?

19          Do you understand that?

20          DEFENDANT J. LJUTICA:  Yes.

21          DEFENDANT R. LJUTICA:  Yes, your Honor.

22          THE COURT:  Do you understand under the

23    sentencing guidelines parole has been abolished and if you

24    are sentenced to prison, you will not be released on parole?

25          DEFENDANT J. LJUTICA:  Yes.

1    DEFENDANT R. LJUTICA:  Yes, your Honor.

2    THE COURT:  You understand that?

3    DEFENDANT J. LJUTICA:  Yes, I do.

4    THE COURT:  If you plead guilty and I accept your

5    plea, do you understand that you will waive your right to a

6    trial and all the other rights I have just discussed, there

7    will be no trial and I will enter a judgment of guilty and

8    sentence you on the basis of your guilty plea after

9    considering the sentencing guideline recommendation?

10    DEFENDANT J. LJUTICA:  I understand.

11    THE COURT:  Do you understand that?

12    DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

13    THE COURT:  If you plead guilty and I accept your

14    plea, do you understand that I will ask you questions about

15    what you did in order to satisfy myself that you are guilty

16    as charged, that you will have to waive your right not to

17    incriminate yourself, that you will have to acknowledge your

18    guilt and that any statements you make today could be used

19    in future court proceedings against you for perjury or false

20    statement?

21    DEFENDANT J. LJUTICA:  I understand.

22    DEFENDANT R. LJUTICA:  Yes, your Honor.

23    THE COURT:  Do you fully understand that you have

24    the right to maintain your plea of not guilty and the right

25    to go to trial on all counts of this indictment?

1          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

2          DEFENDANT J. LJUTICA:  Yes.

3          THE COURT:  Now that I have told you your rights,

4    do you still want to plead guilty?

5          DEFENDANT J. LJUTICA:  Yes.

6          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

7          THE COURT:  Now, you both received a copy of the

8    indictment?

9          DEFENDANT J. LJUTICA:  Yes.

10         DEFENDANT R. LJUTICA:  Yes, I do.

11         THE COURT:  And have you read it?

12         DEFENDANT J. LJUTICA:  Yes.

13         THE COURT:  And do you understand it?

14         DEFENDANT J. LJUTICA:  Yes.

15         DEFENDANT R. LJUTICA:  Yes.

16         THE COURT:  And you discussed that indictment

17   with your lawyer?

18         DEFENDANT J. LJUTICA:  Yes.

19         THE COURT:  And you specifically discussed Count

20   2 to which you are pleading guilty?

21         DEFENDANT J. LJUTICA:  Yes.

22         DEFENDANT R. LJUTICA:  Yes.

23         THE COURT:  Do you have any questions about it?

24         DEFENDANT J. LJUTICA:  No.

25         DEFENDANT R. LJUTICA:  No.

1           THE COURT:  Do you understand that Count 2

2   carries a maximum sentence of 30 years imprisonment, a

3   maximum fine of $1 million, supervised release of five years

4   and a mandatory $50 special assessment, which you have

5   agreed to pay prior to the imposition of sentence?

6           DEFENDANT J. LJUTICA:  Yes.

7           DEFENDANT R. LJUTICA:  Yes.

8           THE COURT:  In addition, you should be aware that

9   if the terms and conditions of the supervised release term

10  are violated, you may be required to serve a further term of

11  imprisonment equal to the period of supervised release with

12  no credit for the time already spent on release?

13          DEFENDANT J. LJUTICA:  Yes.

14          DEFENDANT R. LJUTICA:  Yes, your Honor.

15          THE COURT:  Has anyone threatened you or anyone

16  else or forced you in any way to plead guilty?

17          DEFENDANT J. LJUTICA:  No.

18          DEFENDANT R. LJUTICA:  No, your Honor.

19          THE COURT:  This agreement that I have, which is

20  dated May 24, 1993 and executed by the defendants May 26,

21  1993, is this the full agreement between the parties?

22          Counsel?

23          MS. PARSONS:  Yes, your Honor, that is the full

24  agreement.

25          MR. COFFEY:  That agreement is between

SOUTHERN DISTRICT REPORTERS (212) 637-0300

1     Ms. Ljutica and the government, your Honor.  There is a

2     separate agreement for --

3                THE COURT:  Yes.  I'm sorry, his agreement is May

4     20, 1993.

5                Let me see when you executed that one.

6                You executed it on May 26 as well.

7                This is the full agreement between this defendant

8     and the government?

9                MR. SCHMIDT:  It is, your Honor.

10               THE COURT:  Counsel?

11               MR. COFFEY:  Yes, it is, your Honor.

12               THE COURT:  All right.  Has anyone made any

13    promise to you other than what is included in this agreement

14    to induce you to plead guilty?

15               DEFENDANT J. LJUTICA:  No.

16               DEFENDANT R. LJUTICA:  No, your Honor.

17               THE COURT:  Has anyone made any prediction,

18    prophesy or promise to you as to what your sentence will be?

19               DEFENDANT J. LJUTICA:  No.

20               DEFENDANT R. LJUTICA:  No, your Honor.

21               THE COURT:  Do you understand that any

22    recommendation of sentence agreed to by either the

23    prosecution or any agreement that the prosecution will not

24    oppose your attorneys' requested sentence or anything

25    contained in these plea agreements or anyone's predictions

1    are not binding on the court and that you might on the basis

2    of your guilty plea receive up to the maximum sentence I

3    described to you earlier?

4          DEFENDANT J. LJUTICA:   I understand,

5          THE COURT:   You understand that?

6          DEFENDANT R. LJUTICA:   Yes, I do, your Honor.

7          THE COURT:   All right.

8          Will you explain to me in your own words what it

9    is you did and how you violated the law?

10          DEFENDANT R. LJUTICA:   Yes, your Honor.

11          On April 24, 1990, I went to Manufactures Hanover

12    and attempted to withdraw $375,000 from an account which

13    contained $475,000, money my wife had transferred into it.

14    I knew that this money had been fraudulently transferred to

15    the account.   This occurred in New York County.

16          THE COURT:   Does that cover it?

17          MR. COFFEY:   Yes, your Honor.

18          THE COURT:   All right.

19          DEFENDANT J. LJUTICA:   In April 1990, I was an

20    employee of Paine Webber Securities in New York City.   I had

21    access to letters of authorization which I, I used one of

22    these letters of authorization to transfer approximately

23    $475,000 to an account maintained by my husband.   I had no

24    authority to transfer these funds and I know what I did was

25    wrong.

1       THE COURT:  All right.

2       What would be a summary of the government's

3  evidence against these defendants?

4       MR. COFFEY:  The government would, among other

5  things, at trial, your Honor, produce the documentary trail

6  that includes the letters of authorization that directed an

7  arm of Paine Webber to transfer approximately $475,000 in an

8  account maintained by Paine Webber into an account that was

9  opened several weeks earlier by Mr. Ljutica and, further,

10  the first attempt failed, it was then attempted again -- the

11  first attempt failed, there was an attempt again on Monday.

12  The money was wired into the account.

13       We would produce a witness that would testify

14  that Mr. Ljutica then attempted to withdraw some funds from

15  that account, but was denied, and the money returned to

16  Paine Webber.

17       That's the summary, the gist of the case.

18       THE COURT:  Do you dispute anything that the

19  government has indicated to me?

20       MS. PARSONS:  No, your Honor.

21       DEFENDANT R. LJUTICA:  No, your Honor.

22       MR. SCHMIDT:  No.

23       THE COURT:  All right.

24       How do you plead to Count 2 of this indictment?

25       DEFENDANT R. LJUTICA:  I plead guilty.

1          THE COURT:  And how do you plead to Count 2?

2          DEFENDANT J. LJUTICA:  Guilty.

3          THE COURT:  You plead guilty as well?

4          DEFENDANT J. LJUTICA:  Yes.

5          THE COURT:  I find that you are competent to

6     plead, that you know your rights and your plea is a

7     voluntary one and I accept your guilty pleas.

8          Give us a date for sentence.

9          THE CLERK:  For Ms. Nuttbrock, sentencing date

10    will be October 20, 1993, for Mr. Ljutica it will be

11    September 22, 1993.

12         THE COURT:  Okay.  Thank you.

13         MR. SCHMIDT:  Thank you.

14         MR. COFFEY:  For the record, the government

15    consents to the defendants remaining on bail until

16    sentencing.

17         MR. SCHMIDT:  Thank you very much, your Honor.

18         MS. PARSONS:  Thank you, your Honor.

19

20

21                              - - -

22

23

24

25

# Exhibit I

U.S. Department of Justice
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING
### (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los procediementos de deportacion a tenor de la seccion 242 de la Ley de Inmigracion y Nacionalidad.)

|  |  |
|---|---|
| | BOP# 37719004 |
| **United States of America:** | **File No.**   INS# 29512918 |
| **(Estados Unidos de America:)** | **(No. de registro)** |
| | **Dated**   January 31, 1995 |
| | **(Fechada)** |

**In the matter of**        Rajko  LJUTICA                                      (Respondent)
**(En el asunto de)**                                                           (Demandado)
**Address**                 c/o Federal Correctional Institution
**(Direccion)**             P.O. Box 5095; Oakdale, LA  71463

**Telephone No.(Area Code)**      (318)335-4070
**(No. de telefono y codigo de area)**

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Segun las indagaciones realizadas por el Servicio de Inmigracion y Naturalizacion, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos)

2) You are a native of YUGOSLAVIA                        and a citizen of YUGOSLAVIA           ;
   (Ud. es nativo de)                                    (y ciudadano de)

3) You entered the United States at or near NEW YORK, NY         on or about October 30, 1987      ;
   (Ud. entro a los Estados Unidos en o cerca de)       (el dia o hacia esa fecha)

(See continuation sheet attached hereto and made a part hereof.)
(Vaya a pagina numero 1.a.)



**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form I-221

| Alien's Name | File Number | Date |
|---|---|---|
| Rajko  LJUTICA | 29512918 | January 31, 1995 |

4. At that time you entered as a visitor;
   (En ese momento, Ud. entro como un visitante;)

5. On November 9, 1988, your status was adjusted to lawful permanent resident;
   (El 9 de Noviembre de 1988, su estado fue adjustado a residente permanente;)

6. You were, on December 16, 1993, convicted in the United States District Court, Southern District of
   New York, for the offense of Bank Fraud committed on or about April 26, 1990, in violation of Title
   18, United States Code, Sections 1344 and 2;
   (Ud. resulto convicto el 16 de Diciembre de 1993, en el Tribunal Federal, Sur Distrito de New York,
   por el delito de Fraude de Banco cometido el dia o hacia esa fecha 26 de Abril de 1990, en violacion
   de Titulo 18, Codigo de los Estados Unidos, Secciones 1344 y 2;)

7. For that offense, you were sentenced to confinement for a period of 16 months;
   (Por ese delito, Ud. fue condenado a confinamiento por un periodo de 16 meses;)

Signature _Nancy B. Hooks_

Title
Officer in Charge

**U.S. Department of Justice**
Immigration and Naturalization Service

## NOTICE OF RIGHTS AND CONSEQUENCES

The Immigration and Naturalization Service believes that you are an alien not lawfully entitled to be in or to remain in the United States. Read this notice carefully and ask questions about anything in this notice you do not understand. This notice identifies your rights as an alien in deportation proceedings, and your obligations and the conditions with which you must comply in order to protect your eligibility to be considered for certain benifits.

Any statement you make before an Immigration Officer may be used against you in any immigration or administrative proceeding.

You may be represented, at no expense to the United States government, by an attorney or other individual who is authorized and qualified to represent persons in these proceedings. You will be given a list of organizations, attorneys and other persons who have indicated their availability to represent aliens in these proceedings. Some of these persons may represent you free of charge or for a nominal fee. You may also be represented by a friend, relative, or other person having a pre-existing relationship with you, provided his or her appearance is permitted by the immigration judge.

You will have a hearing before an immigration judge, scheduled no sooner than 14 days from the date you are served with this Order to Show Cause (unless you request in writing an earlier hearing date). The fourteen-day period is to allow you to seek an attorney or representative, if you desire to be represented. At your hearing, you will be given the opportunity to admit or deny any or all of the allegations in this Order to Show Cause, and whether you are deportable on the charges set forth herein. You will have an opportunity to present evidence and/or witnesses on your own behalf, to examine evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the government. Any document that you present that is in a foreign language must be accompanied by a certified English translation. It is your responsibility to ensure that any witnesses you wish to present on your own behalf be present at the hearing.

The immigration judge will advise you regarding relief from deportation for which you may be eligible. You will be given a reasonable opportunity to make an application for any such relief. If you are not satisfied with the decision of the immigration judge, you have the right to appeal. The immigration judge will provide you with your appeal rights.

## AVISO DE DERECHOS Y CONSECUENCIAS

El Servicio de Inmigracion y Naturalizacion opina q Ud. es un extranjero sin derecho legal a estar o permanecer los Estado Unidos. Lea este aviso cuidadosamente y pregun acerca de cualquier parte del mismo que no entienda. Es aviso le explica los derechos que tiene como extranjero en l tramites de deportacion, y las obligaciones y condiciones que def cumplir con el fin de proteger su derecho a que se le conside para recibir ciertos beneficios.

Las declaraciones que haga ante un funcionario del Servicio Inmigracion podran usarse en su contra en cualquier trami administrativo o de inmigracion.

Ud. puede ser representado, sin costo alguno para el gobierno los Estado Unidos, por un abogado o otra persona autorizada calificada para representar personas en estos tramites. U recibira una lista de las entidades, abogados y demas persona dispuestas a representar a extranjeros en estos tramites. Alguna de esas personas pueden representarle gratuitamente o po honorarios nominales. Tambien puede representarle una amigo familiar o otra persona con la que tenga una relacio establecida, siempre que el juez de inmigracion permita s comparecencia.

Ud. tendra una audiencia ante un juez de inmigracion, fijad con un minimo de 14 dias a partir de la fecha que se le expidi esta Orden (a menos que Ud. solicite por escrito una audienci en plazo aun menor). El plazo de catorce dias le permitir conseguir los servicios de un abogado o representante, si lo desea En la audiencia se le dara la oportunidad de admitir o nega cualquiera de los alegatos de esta Orden o todos ellos, y se l informara si esta sujeto a deportacion por los cargos expresado en la misma. Ud. tendra la oportunidad de presentar pruebas testigos a favor suyo, de examinar las pruebas presentadas por e gobierno, de oponerse, con base en los razonamientos legale pertinentes, a la admision de pruebas y de interrogar a cualquier testigo del gobierno. Todo documento que presente en un idioma extranjero debe ir acompanado de una traduccion certificada a ingles. Sera responsabilidad suya asegurarse de que cualquier testigo suyo comparesca a la audiencia.

El juez de inmigracion le informara sobre los recursos de deportacion a los que tenga derecho y se le dara una oportunidad adecuada para solicitarlos. Si no esta de acuerdo con la decision del juez, puede apelarla. El juez de inmigracion le informara acerca de sus derechos de apelacion

**U.S. Department of Justice**
Immigration and Naturalization Serv.

Orde. .o Show Cause and Notice of Hearir

Continuation Sheet
(Hoja complementaria)

| | |
|---|---|
| Dated (Fechada) | January 31, 1995 |

Respondent  Rajko LJUTICA
(Demandado)

| | |
|---|---|
| File No. (No. de registro) | 29512918 |

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
(Y segun los alegatos anteriores, se le acusa de estar sujeto a deportacion de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)

SEE CONTINUATION PAGE 3-A
(VAYA A PAGINA 3-A)

WHEREFORE, YOU ARE ORDERED to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigracion de la Oficina Ejecutiva de Revision de Inmigracion del Departamento de Justicia de los Estados Unidos en:)

Address    (TO BE SET)
(Direccion)

On    (TO BE SET)                    At    (TO BE SET)                    .m.
(Fecha)                              (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.

(y mostrar motivos justificantes por cual no deveria ser deportado de los Estados Unidos por los cargos expresados anteriormente.)

Dated    02-01-95
(Fechada)

Signature of Issuing Officer  _Nancy L. Hooks_
(Firma del funcionario que la expide)
                              Nancy L. Hooks
City and State of Issuance    Oakdale, LA
(Ciudad y Estado donde se expide)

Title of Issuing Officer  Officer in Charge
(Titulo del funcionario que la expide)

**U.S. Department of Justice**
Immigration and Naturalization Service                                        Continuation Page for Form I-221

| Alien's Name | File Number | Date |
|---|---|---|
| Rajko  LJUTICA | 29512918 | January 31, 1995 |

Section 241 (a) (2) (A) (i) of the Immigration and Nationality Act (Act), as amended, in that you have been convicted of a crime involving moral turpitude committed within five years of entry and sentenced to confinement or have been confined therefor in a prison or correctional institution for one year or longer.

(Seccion 241 (a) (2) (A) (i) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que Ud. ha resultado convicto de un delito referente a bajeza moral cometido dentro de un termino de cinco anos de su entrada y condenado a confinamiento o ha sido confinado por esto en una prision o institucion correccional durante un ano o mas.)

Signature  *Nancy A. Hook*                           Title  Officer in Charge

You are required to be present at your deportation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported in your absence, if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

You are required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted. You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative. If you fail to appear at the scheduled deportation hearing, you will be ordered deported in your absence if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

If you are ordered deported in your absence, you cannot seek to have that order rescinded except that: (a) you may file a motion to reopen the hearing within 180 days after the date of the order if you are able to show that your failure to appear was because of exceptional circumstances, or (b) you may file a motion to reopen at any time after the date of the order if you can show that you did not receive written notice of your hearing and you had provided your address and telephone number (or any changes of your address or telephone number) as required, or that you were incarcerated and did not appear at your hearing through no fault of your own. If you choose to seek judicial review of a deportation order entered in your absence, you must file the petition for review within 60 days (30 days if you are convicted of an aggravated felony) after the date of the final order, and the review shall be confined to the issues of validity of the notice provided to you, the reasons for your failure to appear at your hearing, and whether the government established that you are deportable.

In addition to the above, if you are ordered deported in your absence, you are ineligible for five (5) years from the date of the final order for the following relief from deportation: voluntary departure under section 242 (b) of the Immigration and Nationality Act (INA); suspension of deportation or voluntary departure under section 244 of the INA; and adjustment of status under sections 245, 248, and 249 of the INA.

The copy of this Order to Show Cause served upon you is evidence of your alien registration while you are under deportation proceedings. The law requires that you carry it with you at all times.

Esta obligado a asistir a la audiencia deportacion y de estar preparado para ella. Si no asiste a cualquiera de las audiencias despues de haber sido notificado por escrito de la fecha, hora y lugar de la audiencia, se ordenara su deportacion en su ausencia, si se establece que puede ser deportado y que recibio los avisos correspondientes.

La ley le obliga a informar inmediatamente por escrito de su domicilio (y numero de telefono, de haberlo) donde pueda ser localizado. Tiene la obligacion de notificar por escrito, en el plazo de cinco (5) dias, cualquier cambio de domicilio o de telefono a la oficina del juez de inmigracion qu aparece en este aviso. Los avisos se enviaran solamente a la ultima direccion facilitada por Ud. Si ha decidido tener un representante, se enviaran los avisos a dicha persona. Si no asiste a cualquiera de las audiencias despues de haber sido notificado por escrito de la fecha, hora y lugar de las mismas, se ordenara su deportacion en su ausencia, si se establece que puede ser deportado y que recibio el aviso de la audiencia.

Si se ordena su deportacion en su ausencia, no podra solicitar la anulacion de esa orden salvo que: (a) pueda presentar un pedimento para tener otra audiencia en el plazo de 180 dias despues de la fecha de la orden si puede demostrar que no comparecio debido a circunstancias excepcionales, o (b) puede presentar un pedimento para tener otra audiencia en cualquier momento despues de la fecha de la orden si puede demostrar que no recibio el aviso de la audiencia por escrito y que habia facilitado su direccion y numero de telefono (o notificado los cambios de direccion o numero de telefono) segun lo previsto, o que estaba encarcelado y no comparecio a la audiencia por motivos ajenos a su voluntad. Si decide solicitar una revision judicial de la orden de deportacion en su ausencia, debe presentar la solicitud de revision en el plazo de 60 dias (30 dias si ha sido condenado por un delito grave con agravantes) a partir de la fecha de la orden definitiva, y la revision se limitara a decidir si el aviso que recibio es valido, las razones por las cuales no comparecio a la audiencia y si el gobierno demostro que puede ser deportado.

Ademas de lo anterior, si se ordena su deportacion en su ausencia, no podra, en el plazo de cinco anos despues de la fecha de la orden definitiva, tener derecho a los siguientes recursos: salida voluntaria segun la seccion 242 (b) de la ley de Inmigracion y Nacionalidad (INA); suspension de la deportacion o de la salida voluntaria segun la seccion 244 de la INA, y ajuste de condicion segun las secciones 245, 248, y 249 de la INA.

Esta copia de la Orden de Presentar Motivos Justificantes que le ha sido notificada constituye la prueba de su registro de extranjero mientras se llevan a cabo los tramites para su deportacion. La ley le exige que la lleve consigo en todo momento.

This Order to Show Cause shall ⸝ filed with the Immigration Judge of the Executive O.⸝ for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office:

Debe presenta esta Orden de Presentar Moti Justificantes. ⸝ Oficina Ejecutiva de Revision Inmigracion en la siguiente direccion. Debe notifi cualquier cambio de su domicilio o numero de telefono escrito a:

### The Office of the Immigration Judge

P.O. Box 750
Oakdale, LA  71463

### Certificate of Translation and Oral Notice

This Order to Show Cause [✓] was [ ] was not read to the named alien in the _English_ language, which is his/her native language which he/she understands.

_02-02-95_
Date

_J. Fruge_
Signature

_J. Fruge    DEO_
Printed Name and Title of Translator

Address of Translator (if other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Prin |
|---|---|
| [✓] Personal Service to Alien | |
| [ ] Certified Mail - Return Receipt Requested | |
| [ ] Alien | |
| [ ] Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at _FCI Oakdale, LA_ on _02-02_ 19 _95_ at _9:30  A._ m.

_J. Fruge_
Officer's Signature

_J. Fruge_
Printed Name

_DEO_
Title

Oakdale, LA
Office

_LjUTICA RAŠKO_
Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo minimo de 14 dias)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decision sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo minimo de 14 dias.)

Signature of Respondent
(Firma de demandado)

Date
(Fecha)