# Exhibit O

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| Request for Applicant to Appear for Naturalization Initial Interview | NOTICE DATE<br>September 22, 2005 |
|---|---|
| CASE TYPE<br>N400    Application For Naturalization | INS A#<br>A 029 512 918 |

| APPLICATION NUMBER<br>ESC*001397382 | RECEIVED DATE<br>March 28, 2005 | PRIORITY DATE<br>March 28, 2005 | PAGE<br>1 of 1 |
|---|---|---|---|

APPLICANT NAME AND MAILING ADDRESS

RAJKO LJUTICA
25-84 STEINWAY STREET
ASTORIA NY 11103

Please come to:
USCIS MANHATTAN CENTER
26 FEDERAL PLAZA
USCIS 7TH FLOOR ROOM RM7-700
MAIN ROOM
NEW YORK NY 10278
On (Date): Wednesday, November 16, 2005
At (Time): 07:25 AM

You are hereby notified to appear for an interview on your Application for Naturalization at the date, time, and place indicated above. **Waiting room capacity is limited. Please do not arrive any earlier than 30 minutes before your scheduled appointment time.** The proceeding will take about two hours. If for any reason you cannot keep this appointment, return this letter immediately to the INS office address listed below with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.

If you are applying for citizenship for yourself, you will be tested on your knowledge of the government and history of the United States. You will also be tested on reading, writing, and speaking English, unless on the day you filed your application, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old, or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old, or unless you have a medically determinable disability (you must have filed form N648 Medical Certification for Disability Exception, with your N400 Application for Naturalization).

**You MUST BRING the following with you to the interview:**
- This letter.
- Your Alien Registration Card (green card).
- Any evidence of Selective Service Registration.
- Your passport and/or any other documents you used in connection with any entries into the United States.
- Those items noted below which are applicable to you:

If applying for NATURALIZATION AS THE SPOUSE of a United States Citizen;
- Your marriage certificate.
- Proof of death or divorce for each prior marriage of yourself or spouse.
- Your spouse's birth or naturalization certificate or certificate of citizenship.

If applying for NATURALIZATION as a member of the United States Armed Forces;
- Your discharge certificate, or form DD 214.

If copies of a document were submitted as evidence with your N400 application, the originals of those documents should be brought to the interview.

**PLEASE keep this appointment, even if you do not have all the items indicated above.**

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

INS Office Address:
US IMMIGRATION AND NATURALIZATION SERVICE
USCIS 7TH FLOOR ROOM 7-700
26 FEDERAL PLAZA
NEW YORK NY 10278-

INS Customer Service Number:
(800) 375-5283

APPLICANT COPY



# Exhibit P

Department of Homeland Security
U.S. Citizenship and Immigration Services

# N-652, Naturalization Interview Results

A#: _A 27 512 9/8_

On _11/b/05_ , you were interviewed by USCIS officer _WENGENROTH D.A.O_

[X] You passed the tests of English and U.S. history and government.

[ ] You passed the tests of U.S. history and government and the English language requirement was waived.

[ ] USCIS has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

[ ] You will be given another opportunity to be tested on your ability to _____ speak/_____ read/_____ write _____ English.

[ ] You will be given another opportunity to be tested on your knowledge of U.S. history and government.

[ ] Please follow the intructions on Form N-14.

[X] USCIS will send you a written decision about your application.

[ ] You did not pass the second and final test of your _____ English ability/_____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this Form N-400. USCIS will send you a written decision about your application.

    **A) _____ Congratulations! Your application has been recommended for approval.** At this time it appears that you have established your eligibility for naturlaization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

    **B) _____ A decision cannot yet be made about your application.**

    **It is very important that you:**

[✓] Notify USCIS if you change your address

[✓] Come to any scheduled interview.

[✓] Submit all requested documents.

[✓] Send any questions about this application in writing to the officer named above. Include your full name, Alien Registration Number (A#,) and a copy of this paper.

[✓] Go to any Oath Ceremony that you are scheduled to attend.

[✓] Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony. Include a copy of this paper and a copy of the scheduling notice.

**NOTE:** Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. district court if USCIS had not made a determination on your application within 120 days of the date of your examination.

Form N-652 (Rev. 01/14/05)N

# Exhibit Q



**U.S. Department of Homeland Security**
United States Citizenship and Immigration Services
26 Federal Plaza, Room 700
New York, NY 10278

Rajko Ljutica                          Date: September 18, 2006
130 Malcolm X Blvd Apt. 705            Alien#: 29 512 918
New York, NY 10029

## DECISION

On November 16, 2005 you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316 of the Immigration and Nationality Act.

Pursuant to an investigation and examination of your application, it was determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing <u>within 30 Days</u> of the date of this notice**. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a <u>fee of $265</u>**. A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

*Mary Ann Gantner*
Mary Ann Gantner
District Director Services

Enclosure: Form N-336
Form N-335 (Rev. 10/24/91)N
Certified mail/RM
Cc: Atty

Attachment(s) to Form N-335

Applicant:  Rajko Ljutica
Application for Naturalization, Form N-400
Alien Number:  A 29 512 918


Your application is hereby denied in accordance with the Title 8 Code of Federal
Regulations
Section(s) listed below:


**Reason:**              Poor Moral Character, Aggravated Felon
**CFR8 Reference:**      Part 316  General Requirements for Naturalization
                         Section 316.10 Good Moral Character


General requirements for Naturalization as stated in Section 316.2 state, in part, that an
alien must establish that he or she:
(7) For all relevant time periods under this paragraph, has been and continues to be a
person of good moral character, attached to the principles of the Constitution of the
United States, and favorably disposed toward the good order and happiness of the United
States,

Section 101 (f) of the Immigration and Nationality Act states, in part, that, "[f]or the
purposes of this Act-No person shall be regarded as, or found to be, a person of good
moral character who, during the period for which good moral character is required to be
established, is or was...
(8) one who at any time has been convicted of an aggravated felony...

Section 316.10 (b) further addresses good moral character by specifying, in part, that:

(1) An applicant shall be found to lack good moral character, if the applicant has been:
(ii) Convicted of an aggravated felony as defined in section 101 (a)(43) of the Act on or
after November 29, 1990.

Section 101 (a) of the INA states, in part:

(43) The term "aggravated felony" means...
(M) an offense that
(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000

Rajko Ljutica
A 29 512 918

**Explanation:**

According to CIS records and certified court documents that you submitted, you were arrested on or about December 23, 1991 for bank fraud. Your involvement in the bank fraud was having your wife at the time, Jillian Nuttbrock, attempt to wire transfer over $470,000 from accounts at Paine Webber, where she worked, to an account at Manufacturers Hanover Trust that was under your name. On May 26, 1993, you pled guilty to bank fraud related to the aforementioned charge. On December 17, 1993, you were convicted and sentenced to spend 16 months in jail and to serve two years under supervised release. For this conviction, you spent over one year in jail.

According to Section 101 (a)(43)(M)(i) of the INA, stated above, your conviction for bank fraud in 1993 constitutes an aggravated felony.

**Conclusion:**

You have been convicted of an aggravated felony, as defined in INA Section 101 (a)(43)(M)(i), after November 29, 1990, to wit: December 17, 1993. As such, **you are precluded from ever establishing good moral character** for naturalization purposes, pursuant to INA Sections 101 (f)(8) and 8 CFR Section 316.10 (b)(1)(ii). **You are, therefore, ineligible for naturalization and your application for naturalization is denied.**

OMB No. 1615-0050; Expires 10/31/06

# N-336, Request for a Hearing on a Decision in Naturalization Proceedings (Under Section 336 of the INA)

Department of Homeland Security
U.S. Citizenship and Immigration Services

| For USCIS Only | |
|---|---|
| Decision: ☐ Grant  ☒ Denial  MAR 0 9 2007 | Fee: ~~BOND OFFICE~~ 1 6 2006 |

**1. In the Matter of:** (Name of Naturalization Applicant)

Rajko Ljutica

File Number:

**A-** 029 512 918

**2. I am filing a request for hearing on the decision dated:**

September 18, 2006

**3. Please check the one block which applies:**

a. ☐ I am **not submitting** a separate brief, statement or evidence.

b. ☒ I am **submitting** a separate brief, statement and/or evidence with this form.

c. ☐ I need _____ days to submit a brief, statement and/or evidence to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

OCT 16 2006

**4. Person filing request:**

Name (Type or print in black ink.)

Rajko Ljutica        c/o Drobenko & Associates, P.C.

Address (Street Number and Name)        (Apt. Number)

25-84 Steinway Street

(City)        (State)        (ZIP Code)

Astoria        New York        11103

Signature _____        Date (mm/dd/yyyy)   10-11-06

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28) if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

Rajko Ljutica

**5. Briefly state the reason(s) for this request for a hearing:**

SEE ATTACHED BRIEF

THE SERVICE ERRED AND MISAPPLIED THE RELEVANT LAW & THE FACTS

DENIED
U.S. MAR 0 9 2007
Department of Homeland Security
U.S. Citizenship and Immigration Services
006510

RECEIVED
OCT 18 2006
NATURALIZATION
Signature

Form N-336 (Rev. 05/08/06)Y

# Exhibit R

OMB No. 1615-0050; Expires 10/31/06

**N-336, Request for a Hearing on a Decision in Naturalization Proceedings (Under Section 336 of the INA)**

...and Security
...d Immigration Services

| For USCIS Only | |
|---|---|
| ...ision: ☐ Grant<br>☒ Denial  MAR 0 9 2007 | Fee: ~~BOND OFFICE~~  OCT 16 2006 |
| **1. In the Matter of:** (Name of Naturalization Applicant)<br>Rajko Ljutica | File Number:<br>**A-** 029 512 918 |

**2. I am filing a request for hearing on the decision dated:**

September 18, 2006

**3. Please check the one block which applies:**

a. ☐ I am **not submitting** a separate brief, statement or evidence.

b. ☒ I am **submitting** a separate brief, statement and/or evidence with this form.

OCT 16 2006

c. ☐ I need _____ days to submit a brief, statement and/or evidence
to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

**4. Person filing request:**

Name (Type or print in black ink.)

Rajko Ljutica        c/o Drobenko & Associates,P.C.

Address (Street Number and Name)                    (Apt. Number)

25-84 Steinway Street

| (City) | (State) | (ZIP Code) |
|---|---|---|
| Astoria | New York | 11103 |

Signature                                Date (mm/dd/yyyy)
                                          10-11-06

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28)if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

Rajko Ljutica

**5. Briefly state the reason(s) for this request for a hearing:**

SEE ATTACHED BRIEF

THE SERVICE ERRED AND MISAPPLIED THE RELEVANT
LAW & THE FACT

DENIED
U.S.
MAR 0 9 2007
006510
...and Immigration

RECEIVED
OCT 18 2006
NATURALIZATION
Signature

N 336   10.16.06   15:55   265.00

Form N-336 (Rev. 05/08/06)Y

UNITED STATES DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP & IMMIGRATION SERVICE
26 FEDERAL PLAZA
NEW YORK, N.Y. 10278

------------------------------------------------X

In the Matter of                          A29 512 918

    **RAJKO LJUTICA**

Application for Naturalization

------------------------------------------------X

## BRIEF ON APPEAL

    This brief is submitted in support of our appeal submitted herewith (Form N-336).
The applicant seeks to appeal the decision of the District Director dated September 18,
2006 with regard to his application for Naturalization, which was denied by the U.S.
Citizenship & Immigration Service (hereinafter the "SERVICE") on that date. A copy of
the decision is annexed hereto as **Exhibit "A"**. We respectfully request a hearing with
regard to this appeal, and adjudication of the appeal in the most expeditious manner
possible.

## FACTS

    The applicant initially submitted an Application for Naturalization (Form N–400)
on March 28, 2005. He was called for an interview before the SERVICE at 26 Federal
Plaza, New York, N.Y., on November 16, 2005. On said date, the applicant passed all
components of the History, English and writing examination with regard to his
Naturalization Examination.

    Nonetheless, on September 18, 2006, the SERVICE decided that "pursuant to an
investigation and examination of your application, it was determined that you are ineligible
for naturalization for the following reason(s):

    "You have been convicted of an aggravated felony, as defined in INA
Section 101 (a)(43)(M)(I), after November 29, 1990, to wit: December 17,

1

1993. As such, you are precluded from ever establishing good moral character for naturalization purposes, pursuant to INA Sections 101 (f) (8) and 8 CFR Section 316.10 (b) (1) (ii). You are, therefore, ineligible for naturalization and your application for naturalization is denied."

## THE PETITIONER HAS GOOD MORAL CHARACTER.

The SERVICE misapplied the facts to INA as follows:

First and foremost, the Petitioner in 1991 was arrested and charged with attempted bank fraud.

INA Section 316(b) states in pertinent part:

> "The applicant shall bear the burden of establishing by a preponderence of the evidence that he or she meets all requirements for naturalization . . ."

INA Section 316.10(a) states in pertinent part that:

> "An application for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character."

INA Section 316.10(a)(2) states:

> "In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case by case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been a reform of character from the earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character".

In the instant case, the statutory time period is five (5) years preceding the application for naturalization. The Petitioner submitted his application in March 28, 2005. While the SERVICE may consider acts beyond the five-year period, said inquiry into acts beyond this statutory period may only be considered **if** [emphasis added herein] the

2

conduct of the applicant during statutory period does not reflect that there has been a reform of character from the earlier period §316 (e) and INA §316.10 (a) (2).

General requirements for Naturalization, as stated in 8 CFR Section 316.2 (a), state, in part, that an alien must established that he or she:

(7) For all relevant time periods under this paragraph, has been and continues to be person of good moral character, attached to the principles of the Constitution of the Untied States, and favorably disposed toward the good order and happiness of the United States,

Section 316.10 (b) of 8 CFR further addresses good moral character by specifying, in part, that:

(1) An application shall be found to lack good moral character, if the applicant has been :

(ii) Convicted of an aggravated felony as defined in section 101 (a) (43) of the Act on or after November 29, 1990.

Section 101 (a) INA states in pertinent part that:

(43) The term "aggravated felony" means

(M) an offense that

(I) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00.

An Petitioner shall only be found to lack good moral character where DURING THE STATUTORY FIVE-YEAR PERIOD, the applicant committed one or more crimes involving moral turpitude for which the applicant was convicted. INA § 316.10 (b) (2).

This is not the case here. The applicant's only crime occurred in 1991. This crime was not within the statuary period.

Section 316(a)(3) of the Act, as amended states that an applicant must be of "good moral character" during the statutory five-year period preceding the filing of the

[Naturalization] petition. The applicant's criminal conviction referenced to by the SERVICE was in May 26, 1993 for a crime which took place 1991, over 15 years ago. The Immigration Judge granted the applicant a 212(c) waiver with no finding of an aggravated felony. Since this time the applicant has led a fulfilling, law abiding life and is gainfully employed. Based on the above the applicant is eligible for naturalization and is not barred from establishing good moral character.

The applicant satisfactorily completed his punishment as well as his supervised release. He was granted 212 (C) relief from the Immigration Judge, in 1996 which means that he had satisfied the Immigration Judge that he had indeed reformed himself and that he possessed good moral character warranting 212 (c) waiver. Please see the 212(c) Order of the Immigration Judge, which is attached hereto as **Exhibit "B"**.

The grant of a § 212(c) waiver is discretionary. The leading case discussing the factors to be used is <u>Matter of Marin, 16 I. & N. 581 (B.I.A. 1978)</u>. In that case, the BIA articulated the following factors as relevant to the *favorable* exercise of discretion:

1. family ties in the United States-primarily spouse, children, parents;
2. length of residence-especially if applicant entered as child;
3. hardship if deported (even though hardship is not a statutory requirement);
4. United States military service;
5. steady employment history, property ownership, business ties;
6. community service;
7. rehabilitation after criminal conviction; and
8. good moral character references.

In the instant case, it is undisputed that the Petitioner was granted a 212(c) waiver and it is further undisputed that the Judge, who issued the 212(c) waiver examined the relevant factors set forth above, concluded that Mr. Ljutica is an individual, based upon the facts set forth in <u>Marin</u>, entitled to discretionary 212(c) waiver. The judge interviewed applicant for several hours. Based upon the fact that the Judge issued a 212(c) waiver the SERVICE is now precluded and estoppel from arguing that the Petitioner does not have a good moral character. There is nothing that transpired between the granting of the 212(c)

4

waiver to the time of the Petitioner filing the current N–400 application that would warrant the SERVICE from going beyond the statutory five year period.

Presently, the Petitioner has a steady job since 1995 in the limousine and transportation industry. He obtained a N.Y.C. Taxi & Limousine License in 1995/96. He purchased a cooperative apartment in 2000. Petitioner is the father of a 17 year old USC child and has been paying child support in the amount of $500.00 per month since 1995 to current. On June 15, 2006 Petitioner has a second USC child. He has not been arrested since 1991. He has been paying taxes and has become a productive member of society. There are no crimes during the past five years and he has indeed established reform since 1991.

Based upon the above there is no reason to inquire beyond the five year statuary period, as reform has been shown and has even been recognized by the Court. Petitioner's one mistake, which occurred over 15 years ago, should not permanently bar him from his dream to become a US citizen.

### PETITIONER IS NOT AN AGGRAVATED FELON

The SERVICE issued a decision advising the petitioner that he is ineligible for naturalization based upon an "aggravated felony" and as such is statutorily unable to be found as a person of good moral character. The SERVICE erred in the findings that Mr. Rajko is ineligible to establish "good moral character" based upon an "aggravated felony". The SERVICE misapplied section 101(a)(43)(M)(I) of the Act, as amended. The Petitioner is not an "aggravated felon" and as such is eligible to become a United States Citizen.

On March 28, 2005, Immigration form N–400, Application for Naturalization was received by the United States Citizenship and Immigration Service. On May 6, 2005, the applicant completed his biometric requirement at the Varick Street Center. On November 16, 2005, applicant and counsel appeared for naturalization interview applicant passed all

tests administered at this time.  At this time the Adjudications Officer Wengenroth advised

counsel that the applicant's name check was still pending.  In addition, in support of the

applicant's petitioner for naturalization photographs were submitted, the social security

number and the permanent residency card was verified and presented, the divorce

disposition was submitted, the dispositions of criminal cases were presented, and the 212

(c) waiver was contained in the file.  However, on September 18, 2006, the SERVICE

denied the petitioner's naturalization and in doing so stated that:

> "Mr. Ljutica was arrested on December 23, 1991 for bank fraud.  Your
> involvement in the bank fraud was having your wife at the time, Jillian
> Nuttbrock, attempt to wire transfer over $470,000 from accounts at Paine
> Webber, where she worked, to an account at Manufacturers Hanover Trust
> that was under your name.  On May 26, 1993, you were convicted and
> sentenced to spend 16 months in jail and to serve two years under
> supervised release.  For this conviction, you spent over one year in jail.
> According to section 101(a)(43)(M)(I) of the INA, stated above, your
> conviction for bank fraud in 1993 constitutes an aggravated felony".

The SERVICE's conclusion that the Petitioner is an "aggravated felon" is without

any merit and contrary to well established case law and Section 101 (a) of the INA.  To

be considered an aggravated felony under INA 101 (a)(43)(M)(1) the two pronged test

**must** be satisfied.  The criminal conviction and the loss to the victim or victims have to be

satisfied.  These elements cannot be separated out for the SERVICE's convenience or

personal option.  In the instant case there was no loss of funds from any Paine Webber

accounts, nor was restitution ordered by the court.  Moreover, Mr. Ljutica's conviction

was for attempted bank fraud **not** bank fraud as erroneously stated in the SERVICE's

denial of September 18, 2006.

The SERVICE clearly erred when it failed to apply the two prong test under

Section 101 (a) INA and found that Mr. Ljutica was convicted of an aggravated felony

precluding him from ever establishing good moral character for naturalization purposes.

Section 101 (a) INA clearly states in pertinent part that:

(43) The term "aggravated felony" means

(M) an offense that
(I) involves fraud or deceit in which the loss to the victim or victims
exceeds $10,000.00.

In the instant case Petitioner was convicted of attempted bank fraud but there was
no loss to the victim or victims exceeding $10,000.00.

The two prong test was applied in <u>Steve Kie Chang v. Immigration &</u>
<u>Naturalization Service</u>, 307 F.3d 1185 (9th Circuit Court of Appeals 2002). In <u>Chang</u>, the
Ninth Circuit Court of Appeals established that there must be a loss to the victim of
$10,000 and that the two prong test must be satisfied. The Court of Appeals held that:

"The INS can only remove Chang if his conviction was for an offense that
"involves fraud or deceit in which the loss to the victim or victims exceeds
$10,000." 8 U.S.C. 1101(a)(43)(M)(I). This particular statutory definition
of an aggravated felony therefore has two elements: (1) the offense must
involve fraud or deceit, and (2) the offense must also have resulted in a loss
to the victim or victims of more than $10,000.

When compared with the above definition of an aggravated felony. Chang
statute of conviction is too broad to be a categorical match. Chang was
convicted under the federal bank fraud statue, which provides the
following:

Whoever knowingly executes, or attempts to execute, a scheme or artifice-

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property
owned by, or under the custody or control of, a financial institution, by means
of false or fraudulent pretenses, representations, or promises; shall be fined not
more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. 1344. Chang's statute of conviction and the first element of
1101(a)(43)(M)(i)'s definition are plainly coextensive; 1344 clearly requires proof

7

of fraud (or attempt to defraud) just as the aggravated felony definition does. However, the statute of conviction is significantly broader than the second element of the aggravated felony definition. While 1344 makes it a crime to defraud a financial institution no matter what losses (if any) result, 1101(a)(43)(M)(i) provides that only a fraudulent offense resulting in more than a $10,000 loss to the victim qualifies as an aggravated felony. Because Chang's statute of conviction therefore proscribes conduct in excess of that covered by 1101(a)(M)(43)(i), Chang's conviction is not an aggravated felony on its face."

In addition, the Court of Appeals for the Third Circuit, in <u>Aubrey Malcolm Munroe v. John Ashcroft</u> 353 F.3d 225 held that " In order to qualify as an aggravated felony conviction, the offense had to involve a loss to a victim or victims that exceeded $10,000."

In <u>Matter of Matahom Sayson Scully A.K.A Scully Sayson,</u> *(April 26, 2004)* the Executive Office for Immigration Review (EOIR), Board of Immigration Appeals (BIA) held that:

"Where the statutory definition of the offense is not a "categorical match" to the aggravated felony definition, i.e., encompasses some offenses that would qualify as a aggravated felony and others that would not, a court may employ a "modified categorical inquiry" in which the record of conviction is consulted in order to determine whether the conviction at issue satisfies the fraud and loss requirements of section 101(a)(43)(M)(i)."

As stated the SERVICE must take the record of conviction into account since there is no categorical match to the aggravated felony charge. The SERVICE totally ignored the Petitioner's certificate of disposition relating to the attempted bank fraud. Attached hereto as **Exhibit "C"** is a copy of the Judgment a Criminal Case. Simply

8

looking at the judgment would reveal the fact that the Mr. Ljutica did not cause a loss in excess of $10,000. Under the plea agreement the applicant did not plea to a loss of or in excess of $10,000 nor has the District Court ordered restitution in excess of $10,000. There was only a special assessment of $50.00. There is no categorical match and when the record is further reviewed, there is no modified categorical match as determined by the BIA and the 9th Circuit Court of Appeals.

Reviewing the record the SERVICE erred, when it determined that the applicant was convicted of fraud. In fact, the applicant was convicted of attempted fraud. When considering an attempt charge the BIA In Matter of Eduardo Dayag Pabalan, (December 09, 2004) held that, "We agree that with the Immigration Judge that paragraph (U) cannot stand alone, and that the offense that the respondent conspired to commit must fit within one of the specific aggravated felony provisions."

Based upon the above case law dealing with the "aggravated felony", the applicant does not meet the categorical analysis or the modified categorical analysis for an aggravated felony as set forth in Chang and therefore cannot be considered an aggravated felon. Moreover, based upon the 212(c) waiver Mr. Ljutica can establish and has established good moral character. Consequently, the applicant must have his petition for Naturalization expeditiously approved and scheduled for Naturalization.

For all of the foregoing reasons, the applicant's appeal should be granted and his application for naturalization be approved at this time. We ask for a speedy adjudication of this case as the error rests in the misreading of the conviction record by the Service.

Respectfully submitted,

Walter Drobenko

9

# Exhibit S



U.S. Department of Homeland Security
Citizenship and Immigration Services

26 Federal Plaza
New York, New York 10278

DATE: MAR 0 9 2007

Rajko Ljutica
130 Malcolm X Blvd #705
New York, NY 10029

A # 29512918

## DECISION ON REVIEW OF DENIAL OF NATURALIZATION APPLICATION

The record shows a submitted a Request for a Hearing on a Decision Naturalization Proceedings under Section 336 of the Immigration and Nationality Act on October 16, 2006.

Upon consideration it is determined that the decision previously entered into your case shall be upheld and your application is denied in that:

Note that 8 CFR Section 336.2 (b) states:

> "...The reviewing officer shall have the authority and discretion to review the application for naturalization, to examine the applicant, and either to affirm the findings and the determination of the original examining officer or to determine the original decision of the Service in whole or part."

Also, 8 CFR Section 316.10(a) states in pertinent part that:

> "An applicant for naturalization bears the burden of demonstrating that, during the statutory period, he or she continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance."

Also, 8 CFR Section 316.10 (b)(ii) states in pertinent part that:

> "An applicant shall be found to lack good moral character. If the applicant convicted of an aggravated felony as defined in section 101(a)(43)of the Act on or after 11-29-1990."

Finally, INA Section 101 (a) (43)(B) states:

> (43) The term "aggravated felony" means...
> (M) an offense that
> (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00

**A hearing, which began with the prescribed oath, was scheduled for February 8, 2007 to review the decision to deny your Application for Naturalization.**



U.S. Department of Homeland Security
Citizenship and Immigration Services

26 Federal Plaza
New York, New York 10278

**Based on the interview conducted on February 8, 2007 for a reconsideration of the decision of your N-400 application for naturalization, a review of your record revealed that you were arrested on or about December 21, 1991 for bank fraud. At that time, you and your former spouse, Jillian Nuttbrock, attempt to wire transfer over $470,000.00 from accounts at Paine Webber. On December 17, 1993, you were sentenced to 16 months in prison and 2 years under supervised release. For this crime, you spent over one year in jail.**

**An applicant lacks of good moral character if he or she was convicted of an aggravated felony on or after 11-29-1990. You were convicted on December 17, 1993.**

**In your appeal hearing, your attorney stated that there has to be a finding of good moral character because you were granted 212(c) relief on April 29, 1996 by an Immigration Judge. The granted waiver and the termination of your deportation proceedings only prevent you from being deported but it does not preclude the Service from taking into consideration your crime to establish your good moral character. Based on the foregoing, you are unable to demonstrate that you are a person of good moral character. You are permanently bar from citizenship.**

Accordingly, after careful review of the record and all relevant statutes, the decision to deny the application for naturalization must remain unchanged. A review of this decision may sought after before a United States District Court pursuant to Section 301 © of the Immigration and Nationality Act.

Section 310 © of the Immigration and Nationality Act states:

"A person whose application for naturalization under this title is denied, after a hearing an immigration officer under section 336(a), may seek review of such denial before the United Stated District Court for the district in which such person resides in accordance with Chapter 7 of the Title, United States Code. Such review shall be de novo, and the court shall make its won findings of fact and conclusions of law and shall, at the request of the petitioner , conduct a hearing de novo on the application.

Sincerely,

Andrea J. Qurantillo
District Director
Citizenship and Immigration Services
c.c. Walter Drobenko, esq.
- certified mail –

RK