DROBENKO & ASSOCIATES, P.C.
Attorney for the Plaintiff
By: Walter Drobenko, Esq.
25-84 Steinway Street
Astoria, New York 11103
Tel: (718) 721-2000
Fax:(718) 721-8812

-----------------------------------------x

Rajko Ljutica

   Plaintiff,

  v.

Alberto R. Gonzales,
U.S. Attorney General
Michael Chertoff,
Secretary, Department of Homeland Security
Eduardo Aguirre
Director, U.S. Citizenship &Immigration Services
Andrea J. Qurantillo
Field Office Director, New York, USCIS

   Defendants.

-----------------------------------------x

Electronically Filed

**NOTICE OF MOTION**
07 CV. 6129 (JSR)

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and the Declaration of Walter Drobenko, and the exhibits annexed thereto, Plaintiff RAJKO LJUTICA by his attorney, Walter Drobenko, Drobenko & Associates, P.C., will move this Court before the Honorable Jed S. Rakoff, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, for an order Granting Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that, pursuant to the briefing schedule set forth by Judge Rakoff, defendant's opposition papers, if any, are to be filed and served on or before October 1, 2007, plaintiff's reply papers, if any, are to be filed and served on or before October 8, 2007, and oral argument will be heard before Judge Rakoff on October 15, 2007, at 4:00 p.m.

Dated: Astoria, New York
September 17, 2007

Respectfully Submitted,

By: /s/ Walter Drobenko
Walter Drobenko, Esq.
Attorney for Plaintiff
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, N.Y. 11103
Tel: (718) 721-2000
Fax:(718) 721-8812

To: Michael J. Garcia
United States Attorney for the
Southern District of New York
Attorney for Defendants
KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007

UNITED STATES DISTRICT COURT

Southern District of New York

Rajko Ljutica,
  Plaintiff

v.

Alberto R. Gonzales,
U.S. Attorney General
Michael Chertoff,
Secretary, Department of Homeland Security
Eduardo Aguirre
Director, U.S. Citizenship &Immigration Services
Andrea J. Qurantillo
Field Office Director, New York, USCIS
  Respondents

MOTION FOR SUMMARY JUDGEMENT

CASE NUMBER

07 CV. 6129

**RELIEF SOUGHT**

Rajko Ljutica, Plaintiff, moves this court for summary judgment against Alberto R. Gonzales, U.S. Attorney General, Michael Chertoff, Secretary Department of Homeland Security, Eduardo Aguirre, Director, U.S. Citizenship & Immigration Services, Andrea J. Qurantillo, Field Office Director, NYC Field Office, Respondent(s), and prays that this court render a judgment for the Plaintiff for all of the relief set forth in his Petition: a finding that Plaintiff was not convicted of an aggravated felony; is a person of good moral character and a grant of naturalization.

**GROUNDS FOR RELIEF**

1.  Mr. Ljutica is entitled to summary judgment because, as evidenced by the attached Exhibit A through H, and the prior pleadings, there is no genuine issue of material fact

Page -1-

that needs to be tried in this action.

2. This is a request for *de novo* review of a United States Citizenship & Immigration Services ("USCIS") denial of Mr. Ljutica's application for naturalization. (Petition for Review of Denial of Naturalization.

3. This Court has jurisdiction pursuant to section 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), which provides for *de novo* review of an administrative denial of naturalization.

## UNDISPUTED FACTS

4. On or about April 26, 1990, Mr, Ljutica was arrested for Bank Fraud of which he pleaded guilty to on December 16, 1993 (18 USC 1344 & 2). He was sentenced to a term of imprisonment of 16 months and he was required to pay an assessment fee of $50.00.

5. On April 30, 1991, Mr. Ljutica was arrested for Grand Theft of a Vehicle in the 3rd degree. This case was never prosecuted

6. On April 29, 1996, Immigration Judge Matthew Adrian granted Mr. Ljutica permanent residency and granted a 212(c) waiver.

7. On or about January 13, 2000, Mr. Ljutica filed and had a preliminary interview on his application for naturalization.

8. On or about October 8, 2001, the INS Adjudications Officer denied the Plaintiff's naturalization application.

9. On October 18, 2002 the INS denied the appeal of his naturalization petition.

10. On March 14, 2005, Plaintiff filed a new naturalization application with the United States

Citizenship & Immigration Services (USCIS).

11. On May 6, 2005, the Plaintiff completed all biometric requirements for his naturalization.

12. On November 16, 2005, the Plaintiff was advised by USCIS District Adjudications Officer Wengenroth, that he passed the required English, U.S. History and Government parts to his naturalization application.

13. On September 18, 2006, District Director Mary Ann Gantner, issued a denial decision on the naturalization petition.

14. On October 16, 2006, the Plaintiff through his attorney appealed the decision of the District Director.

15. On February 8, 2007, the Plaintiff appeared with counsel for his appeal on the denial of his naturalization petition before a GS-12 New York City District Adjudications Officer.

16. On March 9, 2007, USCIS Field Office Direct Andrea J. Quarantillo issued a decision denying the petition based upon the Plaintiff was a alleged aggravated felon.

17. On June 29, 2007, the Plaintiff filed a Summons and Complaint with the United States District Court for the Southern District of New York for *de novo* review of the Plaintiffs naturalization application.

## PROCEDURAL HISTORY

18. Plaintiff commenced this action on June 29, 2007. Attached hereto as Exhibit "A" is a copy of the complaint.

19. Mr. Ljutica currently has a two U.S. citizen children and is gainfully employed in the transportation industry as a chauffeur.

20. On or about April 26, 1990, Mr, Ljutica was arrested for Bank Fraud and he pleaded guilty on December 16, 1993 18 USC 1344 & 2. He was sentenced to a term of imprisonment of 16 months and he was required to pay an assessment fee of $50.00. See Exhibit "D" annexed hereto as part of Exhibit "F".

21. On April 30, 1991, Mr. Ljutica was arrested for Grand Theft of a Vehicle in the 3rd degree. This case was never prosecuted See Exhibit "E" annexed hereto as part of Exhibit "F".

22. On April 29, 1996, Immigration Judge Matthew Adrian granted Mr. Ljutica permanent residency. The Immigration Judge reviewed Mr. Ljutica's criminal record and found that it did not preclude him from adjustment of status to permanent resident. See Exhibit "B" annexed hereto as part of Exhibit "F".

23. On or about January 13, 2000, Mr. Ljutica filed and had a preliminary interview on his application for naturalization.

24. On or about October 8, 2001, the INS Adjudications Officer denied the Plaintiff's naturalization application. The INS found that the Plaintiff's arrest and subsequent conviction for Bank Fraud on December 16, 1993 were considered statutorily barring for the Plaintiff from demonstrating "good moral character" which is necessary for naturalization.

25. The Adjudications Officer also incorrectly stated that the Plaintiff was arrested four times when in fact, he was arrested twice and convicted once.

26. The Adjudication Officer's denial in no way indicated that Mr. Ljutica's conviction was in fact an aggravated felony.

27. The INS gave no other reason for its denial other than finding that Mr. Ljutica lacked good moral character.

28. Mr. Ljutica appealed the denial of his naturalization, but on October 18, 2002, the INS upheld the denial but this time for an entire different reason. The Adjudication Officer stated that it was determined that Mr. Ljutica had been convicted of Bank Fraud which is an aggravated felony.

29. The denial letter also indicates that Immigration and Nationality Act (INA) Section 101(a)(43)(M)(I) states that an "aggravated felony" means an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.

30. On March 14, 2005, Plaintiff filed a new naturalization application with the United States Citizenship & Immigration Services (USCIS). Attached hereto as Exhibit "B"

31. On May 6, 2005, the Plaintiff completed all biometric requirements for his naturalization, attached hereto as Exhibit "C".

32. On November 16, 2005, the Plaintiff was advised by USCIS District Adjudications Officer Wengenroth, that he passed the required English, U.S. History and Government parts to his naturalization application, attached hereto as Exhibit "D".

33. On September 18, 2006, District Director Mary Ann Gantner, issued a denial decision again finding that the Plaintiff was of poor moral character and an aggravated felony, attached hereto as Exhibit "E".

34. On October 16, 2006, the Plaintiff through his attorney appealed the decision of the District Director, attached hereto as Exhibit "F".

35. On February 8, 2007, the Plaintiff appeared with counsel for his appeal on the denial of

his naturalization petition before a GS-12 New York City District Adjudications Officer, attached hereto as Exhibit "G".

36. On March 9, 2007, USCIS Field Office Direct Andrea J. Qurantillo issued a decision finding that the Plaintiff lacked good moral character and was convicted of an aggravated felony under INA 101(a)(43)(M)(I). Attached hereto as Exhibit "H".

## Plaintiff's CONVICTION

37. The statutory definition of "aggravated felony" in INA 101(a)(43)(M)(I) is, (M) an offense that; (I) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00. This section has a two prong test.

38. The Plaintiff's conviction for Bank Fraud has no element of loss to the victim or victims of $10,000 or more.

39. There is no loss to the victim and a court fee in the amount of $90.00 which the court could look to; to demonstrate a loss and as such this crucial element in absent thus this conviction cannot be deemed an aggravated felony.

40. INA 1101(a)(43)(M)(I) provides that only a fraudulent offense resulting in more than a $10,000.00 loss to the victim qualifies as an aggravated felony.

41. The Ninth Circuit Court of Appeals established that there must be a loss to the victim of $10,000 and that the two prong test must be satisfied. *"The INS can only remove Chang if his conviction was for an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. 1101(a)(43)(M)(I). This particular statutory definition of an aggravated felony therefore has two elements: (1) the offense must involve fraud or deceit, and (2) the offense must also have resulted in a loss to the*

victim or victims of more than $10,000.

When compared with the above definition of an aggravated felony. Chang's statute of conviction is too broad to be a categorical match. Change was convicted under the federal bank fraud statue, which provides the following:

Whoever knowingly executes, or attempts to execute, a scheme or artifice-

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. 1344. Chang's statue of conviction and the first element of 1101(a)(43)(M)(i)'s definition are plainly coextensive; 1344 clearly requires proof of fraud (or attempt to defraud) just as the aggravated felony definition does. However, the statue of conviction is significantly broader than the second element of the aggravated felony definition. While 1344 makes it a crime to defraud a financial institution no matter what losses (if any) result, 1101(a)(43)(M)(i) provides that only a fraudulent offense resulting in more than a $10,000 loss to the victim qualifies as an aggravated felony. Because Chang's statute of conviction therefore proscribes conduct in excess of that covered by 1101(a)(M)(43)(i), Chang's conviction is not an aggravated felony on its face." Steve Kie Chang v. Immigration & Naturalization Service, 307 F.3d 1185 (9th Circuit Court of Appeals 2002). In support of this issue, the Court of Appeals for the third Circuit, stated in its option, " In order to qualify as an aggravated felony conviction, this offense had to

Page -7-

<a>

involve a loss to a victim or victims that exceeded $10,000." *Aubrey Malcolm Munroe v. John Ashcroft* 353 F.3d 225. (exhibit D)

42. In *Matter of Matahom Sayson Scully A.K.A Scully Sayson,(April 26, 2004)* the Executive Office for Immigration Review (EOIR), Board of Immigration Appeals (BIA) held that, "Where the statutory definition of the offense is not a "categorical match" to the aggravated felony definition, i.e., encompasses some offenses that would qualify as a aggravated felony and others that would not, a court may employ a "modified categorical inquiry" in which the record of conviction is consulted in order to determine whether the conviction at issue satisfies the fraud and loss requirements of section 101(a)(43)(M)(i)." As stated the court (or a deciding body) must take the record of conviction into account since there is no categorical match to the aggravated felony charge. The DIRECTOR failed in her efforts to review the criminal record where she would have been able to determine that the applicant did not cause a loss in excess of $10,000. Under the plea agreement the applicant does not plea to a loss of or in excess of $10,000 nor has the District Court ordered restitution in excess of $10,000. There is no categorical match and when the record is further reviewed, there is no modified categorical match as determined by the BIA and the 9th Circuit Court of Appeals.

43. The United States Court of Appeals for the third Circuit in Oyenike ALAKA v. Attorney General of the United States found; "*Alaka was convicted of violating 18 U.S.C. §§ 1344 (bank fraud) and 2 (aiding and abetting). Section 1344 states a person is guilty of bank fraud if he or she knowingly executes, or attempts to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets,*

Page -8-

securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

44. The INA defines "aggravated felony" to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(I). Alaka concedes that her bank fraud offense involves fraud, but she challenges the IJ's determination that the loss exceeded $10,000.

45. When evaluating whether an offense is an aggravated felony, we presumptively apply the categorical approach. *Francis v. Reno*, 269 F.3d 162, 171 (3d Cir.2001). This approach prohibits consideration of evidence other than the statutory definition of the offense, thus not taking into account the particular facts underlying a conviction. *Singh v. Ashcroft* 383 F.3d 144, 147-48 (3d Cir.2004). However, "the formal categorical approach properly may be abandoned ... when the terms of the statute on which removal is based invites inquiry into the facts of the underlying conviction." *Knapik v. Ashcroft*, 384 F.3d 84, 92 n. 8 (3d Cir.2004).

46. We have already determined that 8 U.S.C. § 1101(a)(43)(M)(i) invites further inquiry because it specifies a mandatory loss amount. *Nugent v. Ashcroft*, 367 F.3d 162, 175 (3d Cir.2004). Furthermore, our Court has held that "[t]he record of conviction includes the indictment, plea, verdict, and sentence." *Partyka v. Att'y Gen.*, 417 F.3d 408, 416 (3d Cir.2005) (internal quotation marks and citations omitted). We may also consider "any explicit factual findings by the trial judge." *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

47. That said, we hold it was legal error for the IJ to consider the amount of intended loss for

Page -9-

all of the charges rather than the single count for which she was convicted. In reaching our conclusion, we find the opinions of our sister Circuit Courts instructive. The Seventh, Ninth and Tenth Circuits have each been faced with cases where, as here, the Plaintiff had pled guilty to bank fraud in violation of 18 U.S.C. § 1344, the INS argued that the offense was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(I), and the court had to determine whether conduct underlying dismissed charges could be considered in deciding this issue. *Knutsen v. Gonzales*, 429 F.3d 733 (7th Cir.2005); *Chang v. INS*, 307 F.3d 1185 (9th Cir.2002); *Khalayleh v. INS*, 287 F.3d 978 (10th Cir.2002).

48. First, "the plain and unambiguous language of the statute ... predicates removal on a convicted offense resulting in losses greater than $10,000." *Knutsen*, 429 F.3d at 736 (citing 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(M)(I) (emphasis in original)). As the Seventh Circuit concluded, "[t]his plain language forecloses inclusion of losses stemming from unconvicted offenses." Id. at 736-37; see also *Chang*, 307 F.3d at 1190 (holding that "the $10,000 loss requirement" of 8 U.S.C. § 1101(a)(43)(M)(I) ***107** cannot be divorced from the "conviction requirement"). A focus on the conduct that resulted in a conviction is thus our analytical starting point.

49. Second, in light of the statute's focus on a "conviction," it is the plea agreement that controls our analysis here. In other words, because it is the plea agreement that establishes the offense for which the defendant will be convicted, it is to that agreement, and not the indictment or the sentence, that we look in determining the intended loss. We find the logic of *Chang* particularly persuasive on this point. In that case, Chang had

Page -10-

been charged with 14 counts of bank fraud, "each count corresponding to a bad check that he allegedly passed." 307 F.3d at 1187. In his plea agreement, Chang agreed that his restitution should fall within the $20,000 to $40,000 range, and he was ultimately ordered to pay over $32,000, an amount that was based on "numerous other alleged fraudulent transactions to which Chang did not plead guilty." Id. at 1188. The agreement, however, specified that Chang was pleading guilty to a single count for which the loss to the victim was $605.30. Id. at 1187.

50. The Ninth Circuit concluded that the written plea agreement between Chang and the government prevents the INS from treating Chang's bank fraud conviction as an aggravated felony. The INS must take the plea agreement as the agency finds it, and in this case, ... [t]he text of the plea agreement ... definitively establishes that the only offense of which Chang was convicted falls about $9,400 shy of qualifying as an aggravated felony.

51. The Plaintiff's conviction does not qualify as an aggravated felony in either the categorical or modified categorical approaches.

## GOOD MORAL CHARACTER

52. The USCIS (INS) erroneously found that the Plaintiff's conviction was for an aggravated felony and subsequently was not eligible to be found a person of good moral character.

53. The law requires a naturalization applicant to demonstrate good moral character during only the 5-year statutory period preceding the naturalization application plus the period from the application until the oath. See INA 316(a), 8 U.S.C. 1427(a) (naturalization

applicant must show good moral character for the statutory period from 5 years prior to filing the application through admission to citizenship); 8 C.F.R. 316.10(a)(2) (evidence of pre-statutory period criminal convictions may be considered only where the evidence is relevant to an applicant's "present moral character") (emphasis added); see also Santamaria-Ames v. INS 104 F.3d 1127, 1131-1132 (9th Cir. 1996) (good moral character must be shown for only the statutory period) Petition of Zele, 140 F.2d 773,776 (2nd Cir. 1944) (naturalization applicant need establish good moral character for only 5-year statutory period prior to the application).

54. The grant of a 212(c) waiver is discretionary. The leading case discussing the factors to be used is Matter of Marin, 16 I & N. 581 (B.I.A. 1978). In that case, the BIA articulated the following factors as relevant to the *favorable* exercise of discretion:

1) family ties in the United States -primarily spouse, children, parents
2) length of residence-especially if applicant entered as a child;
3) hardship if deported (even though hardship is not a statutory requirement);
4) United States Military Service;
5) steady employment history, property ownership, business ties;
6) community service;
7) rehabilitation after criminal convictions; and
8) good moral character references.

It is undisputed that the Plaintiff was granted a 212(c) waiver and it is further undisputed that the judge, who issued the 212(c) waiver examined the relevant factors set forth above, concluded that the Plaintiff is an individual, based upon the facts set forth in Marin, was entitled to a discretionary 212(c) waiver.

55. The sole basis for the USCIS's denial of the Plaintiff's naturalization application is that he has not been a person of good moral character. This determination was made because

he was found to have committed an aggravated felony. Based upon the foregoing the Plaintiff is not an aggravated felon.

## RECORD ON MOTION

This motion is based on this document, and on the accompanying Memorandum of Law, on the attached Exhibits and all of the pleadings and papers on file in this action, and on whatever evidence and argument that may be allowed at a hearing on this motion.

Dated: Astoria, New York
September 17, 2007

Respectfully Submitted.

By: _____
Walter Drobenko, Esq.
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, N.Y. 11103
(718) 721-2000

c/rr/rajko motion for summary judgement

Page -13-