UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAJKO LJUTICA,

                Plaintiff,

        v.

ALBERTO R. GONZALES, U.S. Attorney General, MICHAEL CHERTOFF, Secretary, Department Homeland Security, EDUARDO AGUIRRE, Director, U.S. Citizenship and Immigration Services, ANDREA J. QUARANTILLO, Field Office Director, New York,

                Defendants.
------------------------------------------------------------ x

Electronically Filed

07 Civ. 6129 (JSR)

# DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2822

KRISTIN L. VASSALLO,
Assistant United States Attorney
       – Of Counsel –

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    PLAINTIFF IS BARRED BY STATUTE FROM OBTAINING NATURALIZED
    CITIZENSHIP BECAUSE HE HAS BEEN CONVICTED OF AN AGGRAVATED
    FELONY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

## CASES

Alaka v. Attorney General, 456 F.3d 88 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Chan v. Gantner, 464 F.3d 289, 294, 295 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

Chang v. INS, 307 F.3d 1185 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fetamia v. Ridge, No. 3-03-CV-2841-BD, 2004 WL 1194458, *3, *4 (N.D. Tex. May 27, 2004) 2

Munroe v. Ashcroft, 353 F.3d 225 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Onyido, 22 I. & N. Dec. 552, 554 (BIA 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Peralta-Taveras v. Attorney General, 488 F.3d 580 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . 4

Sui v. INS, 250 F.3d 105, 109, 115 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUTES

8 U.S.C. § 1101(a)(43)(M)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

8 U.S.C. § 1101(a)(43)(U). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

8 U.S.C. § 1101(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Defendants Alberto R. Gonzales, Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, Dr. Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("CIS"),[1] and Andrea J. Quarantillo, Field Office Director, New York, (collectively, "defendants"), by their counsel, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in opposition to plaintiff Rajko Ljutica's motion for summary judgment.

## ARGUMENT

### PLAINTIFF IS BARRED BY STATUTE FROM OBTAINING NATURALIZED CITIZENSHIP BECAUSE HE HAS BEEN CONVICTED OF AN AGGRAVATED FELONY

As set forth in defendants' motion for summary judgment, Ljutica's application for naturalization was properly denied because his 1993 conviction is an aggravated felony that precludes him from establishing the good moral character necessary to obtain naturalized citizenship.

In his cross-motion for summary judgment, Ljutica does not dispute the fact of his conviction, but rather argues that the conviction does not constitute an aggravated felony because it did not involve a loss of more than $10,000, as required by 8 U.S.C. § 1101(a)(43)(M)(i). See Petitioner's Memorandum of Law in Support of His Motion for Summary Judgment ("Pl. Mem.") at 5, 13. This argument, however, fails to recognize that Ljutica's conviction – an attempt to commit bank fraud in excess of $475,000 – qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(U), which has no loss requirement. Ljutica's contentions should therefore be rejected.

As defendants argued in their opening brief, section 1101(a)(43)(U) specifically provides that an "attempt . . . to commit an offense described in this paragraph" will constitute an aggravated

---

[1] Eduardo Aguirre, originally named as a defendant in this lawsuit, is no longer the Director of CIS. Pursuant to Fed. R. Civ. P. 25(d), Dr. Emilio Gonzalez, the present Director, is automatically substituted for Mr. Aguirre as a defendant.

felony. See 8 U.S.C. § 1101(a)(43)(U); Chan v. Gantner, 464 F.3d 289, 293 (2d Cir. 2006); Sui v. INS, 250 F.3d 105, 109 n.3 (2d Cir. 2001). To qualify as an aggravated felony under this provision, an offense must satisfy the elements of an "attempt" set forth in Sui (i.e., criminal intent and a substantial step toward completing the crime), and the underlying crime must be an aggravated felony, as defined by § 1101(a)(43)(A)-(T). See 8 U.S.C. § 1101(a)(43)(U); Sui, 250 F.3d at 115; Fetamia v. Ridge, No. 3-03-CV-2841-BD, 2004 WL 1194458, at *3-4 (N.D. Tex. May 27, 2004). Here, by pleading guilty, Ljutica admitted that he "unlawfully, willfully, and knowingly . . . attempt[ed] to execute a scheme and artifice to obtain money. . . under the custody of a financial institution, . . . by means of false and fraudulent pretenses," when he opened an account at Manufacturers Hanover and then attempted to withdraw $375,000 of the $475,000 that had been fraudulently transferred there by his wife. See Indictment, attached as Exhibit F to the Declaration of Kristin Vassallo ("Vassallo Decl."), submitted in support of Defendants' Motion for Summary Judgment, at 2-3; Transcript of Plea, attached as Exhibit H to Vassallo Decl., at 12. Because these actions demonstrate both an intent to defraud the bank of more than $10,000 and a "substantial step" toward completing that scheme, they constitute an attempt to commit "fraud . . . in which the loss . . . exceeds $10,000" and therefore qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(U).

Despite the applicability of subsection (U), Ljutica nonetheless contends that, under 8 U.S.C. § 1101(a)(43)(M)(i), his conviction did not constitute an aggravated felony because there was no actual loss exceeding $10,000. See Pl. Mem. at 8-12 (citing Chang v. INS, 307 F.3d 1185 (9th Cir. 2002); Munroe v. Ashcroft, 353 F.3d 225 (3d Cir. 2003); Alaka v. Attorney Gen, 456 F.3d 88 (3d Cir. 2006)). The case law Ljutica cites, however, is simply irrelevant to an attempt crime under subsection (U), which contains no such loss requirement. As explained in defendants' moving brief,

2

an attempt, by definition, is an unsuccessful effort to commit a particular crime, and does not include all the elements of a completed offense. Accordingly, when an individual attempts to commit a fraud offense described in 8 U.S.C. § 1101(a)(43)(M)(i), there is no requirement that he succeed in causing a loss greater than $10,000, only that he satisfy the elements of an attempt – an intent to defraud, and a substantial step toward committing the crime. See Fetamia, 2004 WL 1194458, at *4 ("It is sufficient that petitioner possessed the requisite criminal intent and took substantial steps toward the commission of an offense involving fraud or deceit which, if successful, would have resulted in a loss . . . in excess of $10,000"); In re Onyido, 22 I. & N. Dec. 552, 554 (BIA 1999). In this case, Ljutica's conviction met the requirements of attempted bank fraud under § 1101(a)(43)(M)(i). Therefore, the fact that no actual loss resulted does not prevent his conviction from qualifying as an aggravated felony. See Fetamia, 2004 WL 1194458, at *4 (actual loss not required for attempted fraud to constitute aggravated felony under §§ 1101(a)(43)(M)(i) and (U)); Onyido, 22 I. & N. Dec. at 554 (same).

Ljutica's remaining contentions are similarly meritless. First, to the extent Ljutica suggests that his conviction cannot disqualify him from establishing good moral character because it took place more than five years before he filed his naturalization application, see Pl. Mem. at 7-8, such an argument is squarely foreclosed by the Second Circuit's decision in Chan v. Gantner, 464 F.3d at 294. See id. ("an applicant convicted of an aggravated felony is precluded under 8 U.S.C. § 1101(f)(8) from establishing good moral character" even if the conviction occurred outside the statutory five-year period). Likewise, Ljutica's reliance on the waiver of deportation he received in 1996, see Pl. Mem. at 8, is completely misplaced. As the Second Circuit has held, the fact that an immigration judge has granted relief under section 212(c) "does not preclude the INS or the courts

3

from relying on the underlying offense to bar" naturalization. Chan, 464 F.3d at 295; see also Peralta-Taveras v. Attorney Gen., 488 F.3d 580, 584 (2d Cir. 2007).

Finally, Ljutica's arguments concerning other alleged evidence of his good moral character (see Pl. Mem. at 13-14) do not provide any basis to grant him citizenship. Where, as here, an alien has been convicted of an aggravated felony, that conviction operates as a complete bar to naturalization. See 8 U.S.C. § 1101(f); Chan, 464 F.3d at 294. Therefore, the additional claims Ljutica has proffered are immaterial to determining whether he meets the requirements for naturalized citizenship.

In sum, because his conviction qualifies as an aggravated felony, Ljutica has is precluded from demonstrating the good moral character necessary to obtain naturalization. Defendants' motion for summary judgment should therefore be granted, and the complaint dismissed in all respects.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court grant their motion for summary judgment, deny plaintiff's motion for summary judgment, and dismiss plaintiff's complaint.

Dated: New York, New York
      October 1, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By:    /s/ Kristin L. Vassallo
KRISTIN L. VASSALLO
Assistant United States Attorney
Tel. No.: (212) 637-2822
Fax No.: (212) 637-2730