Walter Drobenko, Esq.
Attorney for the Plaintiff
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, N.Y. 11103
(718) 721-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

Rajko Ljutica

            Plaintiff,

    v.

Alberto R. Gonzales,
U.S. Attorney General
Michael Chertoff,
Secretary, Department of Homeland Security
Eduardo Aguirre
Director, U.S. Citizenship &Immigration Services
Andrea J. Qurantillo
Field Office Director, New York, USCIS

            Defendants.

------------------------------------X

Electronically Filed

**CASE NUMBER**

07 CV. 6129 (JSR)

DECLARATION OF WALTER DROBENKO

    I, Walter Drobenko, pursuant to 28 U.S.C. § 1786, make the following declaration under penalty of perjury.

1.    I am a member of the firm of Drobenko & Assocaites, P.C. and I am the fully familiar with all the fact stated herein. I respectfully submit this declaration in opposition to the Government's motion for summary judgment.

2.    I have known the Plaintiff, Rajko Ljutica, for 10 years. Mr. Ljutica first came to my office in order for me to represent him in a civil matter. I had regular contact with Mr. Ljutica

1

when I was representing him in the civil matter.    From the very beginning Mr. Ljutica came across as an individual with family values, hard working and a law abiding individual.    After the civil case was completed Mr. Ljutica still kept in touch with me. He would come over to my office regularly and see how I am doing and he would always ask about my wife and kids and other family members.

3.      I, as a practicing lawyer, rarely vouch for my clients.    However, in this case I am honored to vouch for Mr. Ljutica's good moral character.    The reason I am honored is because throughout my 17 years of being a lawyer I never came across an individual like Mr. Ljutica.  I had and still come across numerous clients that needed my assistance in order to obtain legal permanent residence and or citizenship.    In addition, I have come across current citizens of the U.S. in my practice.    However, I have never heard any of the permanent residents or current citizens say that "I am proud to be a U.S. Citizen".    Mr. Ljutica, has repeatedly told me that "he is proud to be an American and he loves this country and he cannot wait to become a U.S. Citizen.    It is rare, especially in today's political climate, that you hear a person saying that he loves the U.S. and that he cannot wait to become a U.S. Citizen.  Mr. Ljutica has never waivered in his statement, notwithstanding the fact that Government has denied him citizenship on two occasions. In the instant case I felt it was necessary for me to bring to the Court's attention Mr. Ljutica good moral character that I have seen over the past 10 years and Mr. Ljutica's statement made to me regarding how proud he is to be an American.  Mr. Ljutica is an individual that should be afforded the privilege of becoming a U.S. Citizen.

4.      In addition, I submit this declaration to provide the following document to the Court in

2

connection with the Plaintiff's motion for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.

a.    Transcript of Plea dated May 26, 1993.

b.    Plea Agreement dated May 20, 1993.

c.    Affidavit of Rajko Ljutica

d.    Affidavit of Moshe I. Meider, Plaintiff's employer.

e.    Affidavit of Madlyn McKendry, Plaintiff's neighbor.

f.    Affidavit of Irena Ljutica, Plaintiff's wife.

g.    Affidavit of Alexander Radojicic DDS, Plaintiff's dentist.

h.    Affidavit of Milutin Kiridzic, Plaintiff's friend for over 20 years.

Wherefore, it is respectfully requested that the Court deny the government's motion for summary

judgment and grant Plaintiff summary judgment.

Dated:  Astoria, New York
        October 1, 2007

_____
Walter Drobenko

3

**EXHIBIT "A"**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

     v.                  91 Cr. 1029 (SWK)

JILLIAN NUTTBROCK, a/k/a "Jillian
Ljutica," and RAJKO LJUTICA,

     Defendants.

------------------------------x

                            May 26, 1993
                            3:15 p.m.

Before:

     HON.  SHIRLEY WOHL KRAM

                        District Judge

                  APPEARANCES

MARY JO WHITE
     United States Attorney for the
     Southern District of New York
JOHN P. COFFEY
     Assistant United States Attorney

INGA PARSONS, ESQ.,
     Attorney for Defendant Jillian Nuttbrock
     52 Duane Street
     New York, New York

DAVID W. SCHMIDT, ESQ.,
     Attorney for Defendant Rajko Ljutica
     321 Broadway
     New York, New York

2

1          THE COURT:    Both defendants are pleading guilty

2    to Count 2 of the indictment?

3          MS. PARSONS:    That's correct, your Honor.

4          MR. SCHMIDT:    That's correct, your Honor.

5          THE COURT:    Then I will address my questions to

6    both of the defendants.

7          It is Jillian Nuttbrock and Rajko Ljutica?

8          You don't use the name Nuttbrock.

9          DEFENDANT J. LJUTICA:    No.

10         MS. PARSONS:    Nuttbrock is my clients maiden

11   name.

12         THE COURT:    I think we better use that name for

13   both of them under the circumstances.

14         Do you understand that I have been informed that

15   you wish to plead guilty to Count 2 of this indictment?

16         DEFENDANT R. LJUTICA:    Yes, I do, your Honor.

17         DEFENDANT J. LJUTICA:    Yes.

18         THE COURT:    Before accepting your guilty pleas,

19   there are a number of questions I have to ask you.  If you

20   don't understand my question or you want an opportunity to

21   speak to your lawyer, please tell me, because it's essential

22   for a valid plea that you understand everything I'm saying.

23   BY THE COURT:

24   Q.    Mrs. Ljutica, how old are you?

25   A.    Thirty years old.

3

1    Q.    And how many grades did you complete in school?

2    A.    High school and four years of college.

3         THE COURT:  Excuse me.  I want to swear you in.

4    JILLIAN LJUTICA and RAJKO LJUTICA,

5         the defendants, having first been duly sworn,

6         were examined and testified as follows.

7         THE COURT:  How old are you?

8    DEFENDANT R. LJUTICA:  I'm 35.

9         THE COURT:  And you?

10   DEFENDANT J. LJUTICA:  Thirty.

11        THE COURT:  And how many grades did you complete

12   in school?

13        DEFENDANT R. LJUTICA:  I completed high school

14   and I completed nautical superior maritime school and then I

15   graduated for master of foreign going, which is captain of

16   any vessel, which is another --

17        THE COURT:  Do you have any problem understanding

18   English?

19        DEFENDANT R. LJUTICA:  No, I don't, your Honor.

20        THE COURT:  You understand everything that is

21   happening here?

22        DEFENDANT R. LJUTICA:  Yes, I do.

23        THE COURT:  You understand everything I'm saying?

24        DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

25        THE COURT:  And would you tell me how many grades

4

1   you completed in school?

2        DEFENDANT J. LJUTICA:   Four years of high school

3   and four years of college.

4        THE COURT:   And do you have any problem speaking

5   or understanding English?

6        DEFENDANT J. LJUTICA:   No, I do not.

7        THE COURT:   Have either of you taken any drugs,

8   medicine, pills or had any alcoholic beverages within the

9   past 24 hours?

10       DEFENDANT J. LJUTICA:   No.

11       DEFENDANT R. LJUTICA:   No, your Honor.

12       THE COURT:   And do you understand what is

13  happening here today?

14       DEFENDANT R. LJUTICA:   Yes, I do, your Honor.

15       THE COURT:   Does either counsel have any question

16  regarding the competence of these defendants to plead?

17       MS. PARSONS:   No, your Honor.   On behalf of

18  Mrs. Ljutica, I have no question as to her competency today.

19       MR. SCHMIDT:   On behalf of Mr. Ljutica, I do not.

20       MR. COFFEY:   The government has no question.

21       THE COURT:   Then I will make a finding for the

22  record that the defendants are competent to plead.

23       You have both discussed your case with your

24  attorney?

25       DEFENDANT R. LJUTICA:   Yes, I did, your Honor.

SOUTHERN DISTRICT REPORTERS   (212)   637-0300

5

1       DEFENDANT J. LJUTICA:    Yes.

2           THE COURT:    Do you feel you discussed it

3    adequately?

4       DEFENDANT J. LJUTICA:    Yes.

5       DEFENDANT R. LJUTICA:    Yes, your Honor.

6           THE COURT:    Are you satisfied with your

7    attorneys' representation of you?

8       DEFENDANT R. LJUTICA:    Yes, I do, your Honor.

9       DEFENDANT J. LJUTICA:    Yes.

10          THE COURT:    I want you to understand if you are

11   not satisfied, the court can appoint other counsel for you

12   at no cost to you.

13          Do you understand that?

14      DEFENDANT J. LJUTICA:    Yes.

15      DEFENDANT R. LJUTICA:    Yes.

16          THE COURT:    I am now going to make sure that you

17   are aware of your constitutional rights.

18          Do you understand that under the Constitution and

19   the laws of the United States, you are entitled to a trial

20   by a jury on the charges contained in this indictment?

21      DEFENDANT J. LJUTICA:    Yes.

22          THE COURT:    You have to say yes or no, please.

23      DEFENDANT R. LJUTICA:    Yes.

24          THE COURT:    Do you understand at that trial you

25   would be presumed to be innocent and the government would be

6

1   required to prove you guilty by competent evidence beyond a

2   reasonable doubt before you could be found guilty and that

3   you would not have to prove your innocence?

4        DEFENDANT R. LJUTICA:  Yes.

5        DEFENDANT J. LJUTICA:  Yes, your Honor.

6        THE COURT:  Do you understand in the course of

7   that trial, witnesses for the government would have to come

8   to court and testify in your presence and your attorney

9   could cross-examine the witnesses for the government, object

10  to evidence offered by the government and offer evidence in

11  your behalf?

12       DEFENDANT J. LJUTICA:  Yes.

13       DEFENDANT R. LJUTICA:  Yes, your Honor.

14       THE COURT:  Do you understand that at that trial,

15  while you would have the right to testify if you wanted to

16  do so, you also would have the right not to testify and the

17  right not to be compelled to incriminate yourself and that

18  no inference or suggestion of guilt could be drawn from the

19  fact that you did not testify?

20       DEFENDANT J. LJUTICA:  Yes.

21       DEFENDANT R. LJUTICA:  Yes.

22       THE COURT:  Do you understand that the government

23  would have to prove its case against you beyond a reasonable

24  doubt to all the jurors?

25       DEFENDANT J. LJUTICA:  Yes.

7

1    DEFENDANT R. LJUTICA:  Yes.

2    THE COURT:  This is a guidelines case?

3    MS. PARSONS:  That's correct, your Honor.

4    THE COURT:  All right.  You will be sentenced

5    under the sentencing guidelines.

6    Has your attorney explained to you how the

7    sentencing guidelines operate and how they would affect your

8    case?

9    DEFENDANT J. LJUTICA:  Yes.

10   DEFENDANT R. LJUTICA:  Yes, your Honor.

11   THE COURT:  Do you understand that a sentencing

12   recommendation will be made in accordance with the

13   sentencing guidelines and I retain the discretion under

14   certain circumstances to impose the recommended sentence or

15   lesser or greater sentence up to the maximum permitted by

16   law, and if I impose a lesser sentence the government has a

17   right to appeal, if I impose a sentence which is greater

18   than the recommended sentence, you have the right to appeal?

19   Do you understand that?

20   DEFENDANT J. LJUTICA:  Yes.

21   DEFENDANT R. LJUTICA:  Yes, your Honor.

22   THE COURT:  Do you understand under the

23   sentencing guidelines parole has been abolished and if you

24   are sentenced to prison, you will not be released on parole?

25   DEFENDANT J. LJUTICA:  Yes.

SOUTHERN DISTRICT REPORTERS  (212) 637-0300

8

1           DEFENDANT R. LJUTICA:    Yes, your Honor.

2           THE COURT:    You understand that?

3           DEFENDANT J. LJUTICA:    Yes, I do.

4           THE COURT:    If you plead guilty and I accept your

5    plea, do you understand that you will waive your right to a

6    trial and all the other rights I have just discussed, there

7    will be no trial and I will enter a judgment of guilty and

8    sentence you on the basis of your guilty plea after

9    considering the sentencing guideline recommendation?

10          DEFENDANT J. LJUTICA:    I understand.

11          THE COURT:    Do you understand that?

12          DEFENDANT R. LJUTICA:    Yes, I do, your Honor.

13          THE COURT:    If you plead guilty and I accept your

14   plea, do you understand that I will ask you questions about

15   what you did in order to satisfy myself that you are guilty

16   as charged, that you will have to waive your right not to

17   incriminate yourself, that you will have to acknowledge your

18   guilt and that any statements you make today could be used

19   in future court proceedings against you for perjury or false

20   statement?

21          DEFENDANT J. LJUTICA:    I understand.

22          DEFENDANT R. LJUTICA:    Yes, your Honor.

23          THE COURT:    Do you fully understand that you have

24   the right to maintain your plea of not guilty and the right

25   to go to trial on all counts of this indictment?

         SOUTHERN DISTRICT REPORTERS (212) 637-0300

9

1          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

2          DEFENDANT J. LJUTICA:  Yes.

3          THE COURT:  Now that I have told you your rights,

4    do you still want to plead guilty?

5          DEFENDANT J. LJUTICA:  Yes.

6          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

7          THE COURT:  Now, you both received a copy of the

8    indictment?

9          DEFENDANT J. LJUTICA:  Yes.

10          DEFENDANT R. LJUTICA:  Yes, I do.

11          THE COURT:  And have you read it?

12          DEFENDANT J. LJUTICA:  Yes.

13          THE COURT:  And do you understand it?

14          DEFENDANT J. LJUTICA:  Yes.

15          DEFENDANT R. LJUTICA:  Yes.

16          THE COURT:  And you discussed that indictment

17    with your lawyer?

18          DEFENDANT J. LJUTICA:  Yes.

19          THE COURT:  And you specifically discussed count

20    2 to which you are pleading guilty?

21          DEFENDANT J. LJUTICA:  Yes.

22          DEFENDANT R. LJUTICA:  Yes.

23          THE COURT:  Do you have any questions about it?

24          DEFENDANT J. LJUTICA:  No.

25          DEFENDANT R. LJUTICA:  No.

SOUTHERN DISTRICT REPORTERS  (212) 637-0300

10

1          THE COURT:  Do you understand that Count 2

2    carries a maximum sentence of 30 years imprisonment, a

3    maximum fine of $1 million, supervised release of five years

4    and a mandatory $50 special assessment, which you have

5    agreed to pay prior to the imposition of sentence?

6          DEFENDANT J. LJUTICA:  Yes.

7          DEFENDANT R. LJUTICA:  Yes.

8          THE COURT:  In addition, you should be aware that

9    if the terms and conditions of the supervised release term

10   are violated, you may be required to serve a further term of

11   imprisonment equal to the period of supervised release with

12   no credit for the time already spent on release?

13         DEFENDANT J. LJUTICA:  Yes.

14         DEFENDANT R. LJUTICA:  Yes, your Honor.

15         THE COURT:  Has anyone threatened you or anyone

16   else or forced you in any way to plead guilty?

17         DEFENDANT J. LJUTICA:  No.

18         DEFENDANT R. LJUTICA:  No, your Honor.

19         THE COURT:  This agreement that I have, which is

20   dated May 24, 1993 and executed by the defendants May 26,

21   1993, is this the full agreement between the parties?

22         Counsel?

23         MS. PARSONS:  Yes, your Honor, that is the full

24   agreement.

25         MR. COFFEY:  That agreement is between

          SOUTHERN DISTRICT REPORTERS (212) 637-0300

11

1    Ms. Ljutica and the government, your Honor. There is a

2    separate agreement for --

3        THE COURT: Yes. I'm sorry, his agreement is May

4    20, 1993.

5        Let me see when you executed that one.

6        You executed it on May 26 as well.

7        This is the full agreement between this defendant

8    and the government?

9        MR. SCHMIDT: It is, your Honor.

10        THE COURT: Counsel?

11        MR. COFFEY: Yes, it is, your Honor.

12        THE COURT: All right. Has anyone made any

13    promise to you other than what is included in this agreement

14    to induce you to plead guilty?

15        DEFENDANT J. LJUTICA: No.

16        DEFENDANT R. LJUTICA: No, your Honor.

17        THE COURT: Has anyone made any prediction,

18    prophesy or promise to you as to what your sentence will be?

19        DEFENDANT J. LJUTICA: No.

20        DEFENDANT R. LJUTICA: No, your Honor.

21        THE COURT: Do you understand that any

22    recommendation of sentence agreed to by either the

23    prosecution or any agreement that the prosecution will not

24    oppose your attorneys' requested sentence or anything

25    contained in these plea agreements or anyone's predictions

SOUTHERN DISTRICT REPORTERS (212) 637-0300

12

1  are not binding on the court and that you might on the basis

2  of your guilty plea receive up to the maximum sentence I

3  described to you earlier?

4      DEFENDANT J. LJUTICA:  I understand,

5      THE COURT:  You understand that?

6      DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

7      THE COURT:  All right.

8      Will you explain to me in your own words what it

9  is you did and how you violated the law?

10      DEFENDANT R. LJUTICA:  Yes, your Honor.

11      On April 24, 1990, I went to Manufactures Hanover

12  and attempted to withdraw $375,000 from an account which

13  contained $475,000, money my wife had transferred into it.

14  I knew that this money had been fraudulently transferred to

15  the account.  This occurred in New York County.

16      THE COURT:  Does that cover it?

17      MR. COFFEY:  Yes, your Honor.

18      THE COURT:  All right.

19      DEFENDANT J. LJUTICA:  In April 1990, I was an

20  employee of Paine Webber Securities in New York City.  I had

21  access to letters of authorization which I, I used one of

22  these letters of authorization to transfer approximately

23  $475,000 to an account maintained by my husband.  I had no

24  authority to transfer these funds and I know what I did was

25  wrong.

SOUTHERN DISTRICT REPORTERS  (212) 637-0300

13

1          THE COURT:  All right.

2          What would be a summary of the government's

3  evidence against these defendants?

4          MR. COFFEY:  The government would, among other

5  things, at trial, your Honor, produce the documentary trail

6  that includes the letters of authorization that directed an

7  arm of Paine Webber to transfer approximately $475,000 in an

8  account maintained by Paine Webber into an account that was

9  opened several weeks earlier by Mr. Ljutica and, further,

10  the first attempt failed, it was then attempted again -- the

11  first attempt failed, there was an attempt again on Monday.

12  The money was wired into the account.

13          We would produce a witness that would testify

14  that Mr. Ljutica then attempted to withdraw some funds from

15  that account, but was denied, and the money returned to

16  Paine Webber.

17          That's the summary, the gist of the case.

18          THE COURT:  Do you dispute anything that the

19  government has indicated to me?

20          MS. PARSONS:  No, your Honor.

21          DEFENDANT R. LJUTICA:  No, your Honor.

22          MR. SCHMIDT:  No.

23          THE COURT:  All right.

24          How do you plead to Count 2 of this indictment?

25          DEFENDANT R. LJUTICA:  I plead guilty.

14

1      THE COURT:  And how do you plead to Count 2?

2      DEFENDANT J. LJUTICA:  Guilty.

3      THE COURT:  You plead guilty as well?

4      DEFENDANT J. LJUTICA:  Yes.

5      THE COURT:  I find that you are competent to

6  plead, that you know your rights and your plea is a

7  voluntary one and I accept your guilty pleas.

8      Give us a date for sentence.

9      THE CLERK:  For Ms. Nuttbrock, sentencing date

10  will be October 20, 1993, for Mr. Ljutica it will be

11  September 22, 1993.

12      THE COURT:  Okay.  Thank you.

13      MR. SCHMIDT:  Thank you.

14      MR. COFFEY:  For the record, the government

15  consents to the defendants remaining on bail until

16  sentencing.

17      MR. SCHMIDT:  Thank you very much, your Honor.

18      MS. PARSONS:  Thank you, your Honor.

19

20

21          - - -

22

23

24

25

SOUTHERN DISTRICT REPORTERS  (212)  637-0300

EXHIBIT "B"



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 20, 1993

David W. Schmidt, Esq.
321 Broadway
New York, New York 10007

**Re:    United States v. Rajko Ljutica**
**91 Cr. 1029 (SWK)**

Dear Mr. Schmidt:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York (the "Office") will accept a guilty plea from RAJKO LJUTICA to Count Two of the above-referenced indictment. Count Two charges that in April 1990, in the Southern District of New York, RAJKO LJUTICA and co-defendant Jillian Nuttbrock, a/k/a "Jillian Ljutica," unlawfully, willfully, and knowingly did attempt to execute a scheme to obtain money under the custody of a financial institution insured by the Federal Deposit Insurance Corporation by means of false pretenses, namely, by Nuttbrock initiating a fraudulent wire transfer directing the transfer of approximately $475,025.25 from an account not owned by the defendants into an account maintained by RAJKO LJUTICA at another financial institution, in violation of Title 18, United States Code, §§ 1344 and 2. This Count carries a maximum sentence of thirty years' imprisonment, a maximum fine of $1,000,000, a $50 special assessment that Ljutica agrees to pay before sentencing, and supervised release of five years.

In consideration of RAJKO LJUTICA's plea to the above offense, the Office, at the time of sentencing, will move to dismiss the remaining count against LJUTICA in the above indictment.

Pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following:

1.    Sentencing Guideline § 2F1.1(a) (as in effect November 1, 1992) is applicable to the offense charged in Count Two of Indictment 91 Cr. 1029 (SWK), resulting in a base offense level of 6.

David W. Schmidt, Esq.
May 20, 1993
Page -2-

2.  Under the circumstances of this case, an acceptable method of determining the "loss" figure to be applied to the offense level table of § 2F1.1(b) is $475,025.25, the amount the defendants would have realized had the scheme charged in Count Two been successful. This figure results in an increase of 9 in the offense level.

3.  The offense involved more than minimal planning; pursuant to § 2F1.1(b)(2), this results in an increase of 2 in the offense level.

4.  Assuming a plea allocution acceptable to the Court, and in light of the defendant's timely notification of her intention to enter a plea of guilty, which notification will permit the Government and the Court to allocate its resources efficiently, a 3 level reduction in the offense level for acceptance of responsibility is warranted under Sentencing Guidelines § 3E1.1(b).

5.  In accordance with paragraphs 1 through 4 above, the applicable Guidelines offense level is 14.

6.  Based on information presently available to the Office, Ljutica's Criminal History category is Category I.

7.  The Guidelines range established by the Sentencing Commission for offense level 14 for an individual in Category I is 15 to 21 months.

The parties further stipulate that neither party will seek any departure from the Guidelines sentencing range described in paragraph 7 above.

Pursuant to Sentencing Guidelines §6B1.4(d), it is understood that neither the Court nor the Probation Department is bound by the foregoing Guidelines Stipulations, either as to questions of fact or as to determination of the correct Guidelines to apply to the facts. Further, nothing in this Agreement limits the right of the Office to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts relevant to sentencing, to RAJKO LJUTICA's sentencing range, and to Ljutica's criminal history category, that are available to the Office at the time of sentencing.

It is understood that the sentence to be imposed upon RAJKO LJUTICA is determined solely by the sentencing Judge. The office cannot and does not make any promise or representation as to what sentence Ljutica will receive.

David W. Schmidt, Esq.
May 20, 1993
Page -3-

In the event the Probation Department or the Court contemplates any Guidelines adjustments, enhancements or calculations not referred to above, the parties each reserve the right to make all appropriate arguments concerning same.

Notwithstanding the previous sentence, it is specifically understood and agreed that neither party will appeal a sentence by the Court that falls within the sentencing range calculated in paragraph 7 above, even should the Court and/or Probation Department reach that range by a Guidelines analysis different from that set forth in paragraphs 1 through 7 above.

The Office and RAJKO LJUTICA each reserve the right to make all appropriate arguments regarding at what point within the sentencing range calculated in paragraphs 1 through 7 above, or at such other sentencing range as the Court may determine, the defendant should be sentenced.

It is further understood that RAJKO LJUTICA will have no right to withdraw his plea of guilty should the sentence ultimately imposed by the Court differ from the range calculated in paragraphs 1 through 7 above. It is further understood that, in accordance with the provisions of Federal Rules of Criminal Procedure 11(e)(1)(B) & 11(e)(2), the recommendation set forth in paragraph 7 above is not binding on the Court or the Probation Department, and Ljutica will not be permitted to withdraw his plea of guilty if the Court ultimately rejects that recommendation.

David W. Schmidt, Esq.
May 20, 1993
Page -4-

There are no promises, agreements or understandings between the Office and RAJKO LJUTICA other than as set forth herein.

Very truly yours,

ROGER S. HAYES
United States Attorney

By: _____
JOHN K. COFFEY
Assistant United States Attorney
(212) 791-1317

APPROVED:

_____
ANDREW C. MCCARTHY
Chief, General Crimes Unit

_____   May 26th 1993
                                  DATE

_____   5/14/93
                                  DATE

AGREED AND CONSENTED TO:

_____
RAJKO LJUTICA

APPROVED:

_____
DAVID SCHMIDT, ESQ.
Attorney for RAJKO LJUTICA

**EXHIBIT "C"**

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

Rajko Ljutica,

    Plaintiff

**v.**

Alberto R. Gonzales,
U.S. Attorney General
Michael Chertoff,
Secretary, Department of Homeland Security
Eduardo Aguirre
Director, U.S. Citizenship &Immigration Services
Andrea J. Qurantillo
Field Office Director, New York, USCIS

    Defendants

**AFFIDAVIT IN OPPOSITION TO
DEFENDANTS MOTION FOR
SUMMARY JUDGEMENT**

**CASE NUMBER**

**07 CV. 6129**

Rajko Ljutica, being duly sworn deposes and says,

1. I am the Plaintiff in the above referenced action.

2. I purchased a Co-Op Apartment in Manhattan in 2001 located at 130 Lenox Avenue, New York, New York and I have lived there since then.

3. I married my wife a physician on December 5, 2005.

4. I am supporting my wife and United States Citizen son born on June 15, 2006, while she is studying abroad in preparation for the Educational Commission on Foreign Medical Graduates (ECFMG) Physician licensing examination.

5. I currently have two United States Citizen sons ages 17 and 1.

6. My oldest son does not live with me but I currently support him and I am continuing my relationship with him every day.

-1-

7.    I have not had any arrests or criminal convictions for the preceding 5 years prior to my submission for becoming a naturalized citizen of the United States.

8.    I have not had any criminal convictions in the past 14 years (since 1993).

9.    I attend religious services on a weekly basis.

10.    I am gainfully employed in the transportation industry as a private chauffeur for Mr. Moshe Meidar, who has submitted a separate affidavit.

11.    I have paid all of my taxes since 1988.

12.    On April 29, 1996, I had appeared at my Removal Hearing for the Immigration Judge to consider my application for discretionary relief under 212(c).

13.    I arrived at the court house with my attorney Ms. Cynthia Sivulec, and two of my character witnesses.

14.    I was very scared knowing that this could mean, if I lose, that the Court will order the deportation from the United States, and that will separate me from my child.

15.    The late Judge Matthew T. Adrian started questioning me. The interview lasted for several hours.

16.    I remember, my Attorney Ms. Sivulec hardly uttered any word at the hearing nor was she asked anything from the Judge. My character witnesses were seated on the bench outside in the hallway and they were never called by the Judge.

17.    The late Judge Adrian asked me questions directly, regarding the criminal case, he asked me about my son and our relationship, work history and about my character. I produced the letters and photos received from my son while I was incarcerated.  The Judge asked me about the crime, bank fraud. Why I did it? What posses me to do it? Do I have any

-2-

remorse and if I am sorry for that.

18. I told the Judge, I loved my family, my son, my ex-wife, we did very stupid unthinkable thing that cost us a lot. And that I am extremely sorry.

19. I believe that I have reformed into a good man and decent law abiding individual. The mistake I did make cannot haunt me forever. Judge Adrian saw my good moral character after several hours of questioning me, he agreed that I indeed paid my price and it is time to move on with my life in good direction.

20. On December 23, 1991, I was charged, along with co-defendant Jillian Nuttbrock, with conspiracy and bank fraud, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1344.

21. On May 26, 1993, I entered a plea agreement with the Government to plead guilty to count two of the indictment, bank fraud, in satisfaction of the charges against me.

22. In the agreement, I stipulated that "an acceptable method of determining the 'loss' figure to be applied to the offense level table of § 2F1.1(b) is $475,025.25".

23. On May 26, 1993, I entered a guilty plea to count two of the indictment, acknowledging that "On April 24, 1990, I went to Manufacturers Hanover and attempted to withdraw $375,000 from an account which contained $475,000, money my wife had transferred into it."

24. On May 26, 1993, Ms. Jillian Nuttbrock acknowledged that, " In April 1990, she was an employee of Paine Webber Securities in New York City. I had access to letters of authorization which I, used one of these letters of authorization to transfer approximately $475,000 to an account maintained by my husband. I has no authority to transfer these funds and I know what I did was wrong.".

-3-

25. On May 26, 1993, AUSA Coffey stated, " 'The government would, among other things, at trial, your Honor, produce the documentary trail that includes the letters of authorization that directed an arm of Paine Webber to transfer approximately $475,000 in an account maintained by Paine Webber into an account that was opened several weeks earlier by Mr. Ljutica and, further, the first attempt failed, it was then attempted again—the first attempt failed, there was an attempt again on Monday. The money was wired into the account".

26. On December 16, 1993, I was convicted upon his guilty plea, and sentenced by United States District Judge Shirley Wohl Kram to sixteen months in prison and two years of supervised release.

27. On March 28, 2005, I submitted an application to CIS to become a naturalized citizen of the United States, pursuant to INA §§ 310 and 316, 8 U.S.C. §§ 1421 & 1427.

28. On September 18, 2006, the District Director of CIS's New York District issued an initial decision denying my naturalization application on the ground that I had been convicted of an aggravated felony.

29. On October 16, 2006, I filed a timely administrative appeal of CIS's decision by requesting an N-336 hearing.

30. On March 9, 2007, the District Director issued a final decision confirming the initial denial of my naturalization application, again finding that my 1993 conviction constituted an aggravated felony and rendered me statutorily ineligible for naturalization.

-4-

31.    I am confident that will make a great United States Citizen.  Over the past 14 years I have

become a productive and responsible member of society and lived a law abiding and

useful life. I have not transgressed the accepted cannons.

_Rajko Ljutica_

Sworn to before me on the 01 day of October, 2007

Notary Public

WALTER DROBENKO
Notary Public, State of New York
No. 4593797
Qualified in Queens County
Commission Expires May 31, 2010

-5-

EXHIBIT "D"

**AFFIDAVIT**

STATE OF NEW YORK   )
                          )ss.:

COUNTY OF QUEENS   )

1.   I, Moshe I. Meidar, being duly sworn state that I am 64 years of age and reside at 2000 Broadway, New York, New York, 10023

2.   I am currently employed as the Chairman and Chief Executive Officer of MAG Industrial Automation System.

3.   Under MAG Industrial Automation Systems business segment, MAG has manufacturing operations in the United States, Germany, China, Korea, Brazil, and the United Kingdom. Current holdings include: Cincinnati Automation & Test; Cincinnati Machine US; Cincinnati Machine UK; Fadal Machining Centers; Giddings & Lewis Machine Tools; Hessapp; Huller Hille; MAG Powertrain; Maintenance Technologies; Turmatic Systems; Witzig & Frank.

4.   I have known Rajko Ljutica both personally and professionally for the past seven years.

5.   My relationship with Rajko has been built on mutual respect, trust and loyalty.

6.   Rajko is considered by me and my family to be a friend and extended member of our own family.

7.   I know personally Rajko to be a man of positive character, honesty and integrity.

8.   Rajko is a well mannered man, respectful and is a hard worker.

9.   I know Rajko currently resides in New York and is married to a physician and have two sons.

10.   Mr. Ljutica is currently employed by me and has been my private chauffeur since December 1, 2005.

11.   Prior to December 1, 2005, Rajko was employed by a private limousine company of

which I requested that he was the only person to drive for me and my family.

12. Throughout my career I had the opportunity to have numerous chauffeurs and Mr. Ljutica is the best I have ever had.

13. Mr. Ljutica is also entrusted to drive and care for my children and grandchildren.

14. Mr. Ljutica measures up as good if not great among the people of the community in which he lives in.

15. Mr. Ljutica's conduct not only conforms to, but exceeds the generally accepted moral convictions at this time.

16. Mr. Ljutica on numerous occasions has expressed to me that he is proud to be in America and that he adheres to the principles of the U.S. constitution and has a disposition to the good order and happiness of the United States.

17. It is my firm belief that Mr. Rajko Ljutica will make a fine and outstanding United States Citizen.

If the Honorable Court wishes to speak with me further or additional information is needed please contact me at (212) 400-2655 or (212) 400-2671.

_____
Mr. Moshe J. Meidar

Sworn to before me on September 30, **2007**

_____
Notary Public

WALTER DROBENKO
Notary Public, State of New York
No. 4803797
Qualified in Queens County
Commission Expires May 31, 2010

EXHIBIT "E"

Madlyn McKendry
130 Lenox Ave # 912
NYC, NY 10026

To the Honorable Court,

My name is Madlyn McKendry and I live at 130 Lenox Ave in Apartment 912 and I am currently working in Real Estate for both Lucien Perry Real Estate and Red Reef Realty. I had previously worked for Morton's the Steakhouse for ten years.

I like, Mr. Ljutica Rajko, am an original owner at The Renaissance, an affordable housing coop developed by the city to allow middle income New Yorkers like myself and Mr. Rajko to become homeowners. I have known Mr. Rajko as my neighbor in Apt. 705 and also an active participant in our building. He has always made himself available to meetings concerning our building and how it is run which is more then I can say for a lot of other shareholders in the building.

I have often seen his wife, Irena, and baby son, Stefan, with him in our building. He is a devoted father and family man. I know he works very long hours as a private chauffeur for a very well established businessman. I often worked long hours in the restaurant and would see Mr. Rajko in the lobby or elevator as we both arrived home exchanging pleasantries from a hard day's work.

I know you are considering citizenship for Mr. Rajko so I would like to say the following. I have known him as a trusted neighbor, responsible shareholder, hardworking employee, and loving and devoted husband and father. I don't know what other attributes we could want from our fellow citizens but these are the qualities I hope the court values and will grant Mr. Rajko's petition.

I hope my input has been a help to Mr. Rajko and the Honorable Court's decision. If I can be of any further assistance, please feel free to contact me. My cell # is 917-509-3032.

Sincerely,

Madlyn McKendry
130 Lenox Ave. # 912
NYC, NY 10026
917-509-3032

**EXHIBIT "F"**

September 26, 2007

To The Honorable Court,

My name is Irena Ljutica, maiden Jakovljevic, being dully sworn deposes and says
I am a Medical Doctor, Psychiatrist.

I am currently employed by Clinical Center of Podgorica, Republic of Montenegro.

I have known my husband 5 years, from Republic of Montenegro, Municipality of Bar.
For years ago I was invited by Hubert H. Humphrey fellowship in the fields of Drug
Abuse Prevention and Treatment Research. (Baltimore, MD)

I've spent nine months at John Hopkins University in Baltimore and nine months at
Methadone outpatient Clinic (ARTC- Addiction research and Treatment Corporation) in
NYC.

I did fell in love in NYC with Rajko, although I knew Rajko from Montenegro. We
married in December of 2005, and we have a beautiful baby boy Stefan from that union
so far. Stefan is 15 month old. If I have to do it again Rajko would be my choice again.
Rajko is husband a woman can dream about, Rajko is father a child can wish for.

Currently I am in Republic of Montenegro with our son Stefan and Rajko support us
totally financially. I remember during my pregnancy he was very supportive and caring
of me. When I give birth to our son Stefan, Rajko was so happy that he cries, I will never
forget those moments as long as I live. Our son was born in Manhattan in Lenox Hill
Hospital, We were together all the time. Rajko did not want to live, go home until we
were release from the Hospital. Rajko was there all the time. After I give birth Rajko was
so caring and helpful in any situation for me and as well with Stefan. I could write and
write essays about my husband but would not be enough papers to put all I want to say
about my husband, how I dearly love him. His greatness and humbleness are the biggest
gift one can poses. My love toward him is endless, He is the best Husband and father on
the Earth

I want to add this too, during my studies for the USMLE Rajko showed extreme
understanding He was very helpful with home chores and taking care of Stefan, while
maintaining his own business-employment.

Thank you,

Sincerely,

IRENA LJUTICA
Marsala Tita D5
85000 Bar
Republic of Montenegro



EXHIBIT "G"



# Aleksandar M. Radojicic, D.D.S.

To the Honorable Court:

My name is Aleksandar Radojicic and my profession is the dentist
Being dully sworn I am making a statement about character of Rajko Ljutica
I am writing this letter in support of Mr. Ljutica reference.

Mr. Rajko Ljutica is my patient for at last 10 years.
He was always punctual for his appointment and never late on his financial obligations.
He is also friend of mine for more than 12 years.
We quite often reason about real life with pleasure.
Mr. Rajko is a hard working man whose primary idea is his family. He often talks about his kids and his wife who is a Physician.
He has two beautiful boys, both US Citizens, born in New York City.
On the path of last 12 years Mr. Ljutica never disappointed nor lied to me as a patient or as a friend.
He is trustworthy and dependable person.
On several occasion with community gatherings he was always first for voluntary contribution.
I would like to provide more information if require by Honorable Court.
I hope that my letter will contribute in any possible way and help Mr. Rajko Ljutica in pursuing his goals

Sincerely,
Alexander Radojicic DDS.

Date

9.25.07

Notary Public
Seal (dry)

*[Notary stamp:]* PATRICIA PINEY / NOTARY PUBLIC OF NEW JERSEY / Commission Expires 4/6/2011

233 Middle Road • Hazlet, NJ 07730 • Phone: (732) 264-7582 • Fax: (732) 264-2533
158 East 7th Street, #A5 • New York City, NY 10009 • Phone: (646) 654-1085 • Fax: (646) 654-1087

EXHIBIT "H"

**ADRIA MOTORS**
**40-19 23ʳᵈ ST**
**Long Island City, NY, 11101**

**To The Honorable Court**

1. My name is Milutin Kiridzic. I am the owner and the General Manager of Adria Motors (www. adriamotors.com)

2. I established business in 1986, and ever since serve the tri-state area customers and their children. Over the years the business carry on bringing their cars to us. We are dedicated to service and professionalism.

3. I have known Mr. Ljutica Rajko for the past, almost 20 years since his arrival in United States.

4. On the community gathering and party's and other occasion like church goings he was always there to help in need with a smile on his face. He often talk about his family as a proud father.

5. Mr. Ljutica is a hard working man, and as a costumer of my all I can say he is the best. Always pays his bills on time.

6. As a friend of my he is a excellent man, trustworthy, loyal.

7. He is married a physician's and have a child from that union that he constantly speak about.

8. I often go with Mr. Ljutica family and my family on my Sundays church goings.This would be sort of summary for my friend Rajko. I would like to give more information if necessary. I hope that this letter will help Mr. Ljutica in any way that Honorable Court would require the inquiry.

Thank you
Very Truly ,

Milutin Kiridzic

Adria Motors
40-19 23ʳᵈ. str .
L. I. C. N. Y. 11101
Tel. 1- 718- 706- 1670
Fax.1- 718- 706- 7054

09/27/07

MUKTA RAM
Notary Public, State of New York
No. 01RA6061130
Qualified in Kings County
Commission Expires _____