Walter Drobenko, Esq.
Attorney for the Plaintiff
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, N.Y. 11103
(718) 721-2000

# UNITED STATES DISTRICT COURT

Southern          District of          New York

Rajko Ljutica

        Plaintiff,

      v.

Alberto R. Gonzales,
U.S. Attorney General
Michael Chertoff,
Secretary, Department of Homeland Security
Eduardo Aguirre
Director, U.S. Citizenship &Immigration Services
Andrea J. Qurantillo
Field Office Director, New York, USCIS

             Defendants.

**PLAINTIFFS' STATEMENT OF
MATERIAL FACTS PURSUANT
TO LOCAL CIVIL RULE 56.1**

**CASE NUMBER**

**07 CV. 6129**

Pursuant to Civil Rule 56.1 of the Local Rules of the United States District Court for the

Southern District of New York, Plaintiff Rajko LJUTICA, by his attorney, Walter Drobenko,

Drobenko & Associates, P.C.  state that there is no genuine issue to be tried with respect to the

following material facts:

1.  By indictment filed on December 23, 1991, LJUTICA was charged, along with co-defendant

Jillian Nuttbrock, with conspiracy and bank fraud, in violation of 18 U.S.C. § 371 and 18

U.S.C. § 1344 and 2. See Indictment, dated December 23, 1991 as Exhibit "A" attached.

2. On May 26, 1993, LJUTICA entered a plea agreement with the Government to plead guilty to count two of the indictment, bank fraud, in satisfaction of the charges against him. See Plea Agreement, dated May 20, 1993 as Exhibit "B" attached.

3. In the agreement, LJUTICA stipulated that "an acceptable method of determining the 'loss' figure to be applied to the offense level table of § 2F1.1(b)  is $475,025.25" .  See Transcript of Plea, dated May 26, 1993 as Exhibit "C" attached p12 11-15.p.2 #2

4. On May 26, 1993, LJUTICA entered a guilty plea to count two of the indictment, acknowledging that "On April 24, 1990, I went to Manufacturers Hanover and attempted to withdraw $375,000 from an account which contained $475,000, money my wife had transferred into it." See Transcript of Plea, dated May 26, 1993 as Exhibit "C" attached p12 11-15

5. On May 26, 1993, Ms. Jillian Nuttbrock acknowledged that, " In April 1990, I was an employee of Paine Webber Securities in New York City.  I had access to letters of authorization which I, I used one of these letters of authorization to transfer approximately $475,000 to an account maintained by my husband.  I has no authority to transfer these funds and I know what I did was wrong." . See Transcript of Plea, dated May 26, 1993 as Exhibit "C" attached p.12 19-25

6. On May 26, 1993, AUSA Coffey stated, " The government would, among other things, at trial, your Honor, produce the documentary trail that includes the letters of authorization that directed an arm of Paine Webber to transfer approximately $475,000 in an account maintained by Paine Webber into an account that was opened several weeks earlier by Mr. Ljutica and, further, the first attempt failed, it was then attempted again–the first attempt

Page -2-

failed, there was an attempt again on Monday. The money was wired into the account". See

Transcript of Plea, dated May 26, 1993 as Exhibit "C" attached p.13 4-12

7. On December 16, 1993, LJUTICA was convicted upon his guilty plea, and sentenced by

United States District Judge Shirley Wohl Kram to sixteen months in prison and two years of

supervised release. See Judgment In a Criminal Case, dated December 16,2003, attached as

Exhibit "E" sub "D" to Plaintiff's Complaint.

8. On March 28, 2005, LJUTICA submitted an application to CIS to become a naturalized

citizen of the United States, pursuant to INA §§ 310 and 316, 8 U.S.C. §§ 1421 & 1427. See

Application for Naturalization, dated March 28, 2005, attached as Exhibit "A" to Plaintiff's

Complaint.

9. On September 18, 2006, the District Director of CIS's New York District issued an initial

decision denying LJUTICA'S naturalization application on the ground that he had been

convicted of an aggravated felony. See Decision, dated September 18,2006, attached as

Exhibit "D" to Plaintiff's Complaint.

10. On October 16,2006, LJUTICA filed a timely administrative appeal of CIS's decision by

requesting an N–336 hearing. See Request for a Hearing on a Decision in Naturalization

Proceedings, dated October 11, 2006, attached as Exhibit "E" to Plaintiff's Complaint.

11. On March 9, 2007, the District Director issued a final decision confirming the initial denial of

LJUTICA'S naturalization application, again finding that LJUTICA'S 1993 conviction constituted an

aggravated felony and rendered him statutorily ineligible for naturalization. See Decision on

Review of Denial of Naturalization Application, dated March 9,2007, attached as Exhibit

"G" to Plaintiff's Complaint.

Respectfully submitted,

By: _____

Walter Drobenko, Esq.
Attorney for Plaintiff
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, N.Y. 11103

Dated: New York, New York
       October 1, 2007

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JILLIAN NUTTBROCK, a/k/a "Jillian
Ljutica," and RAJKO LJUTICA,

                    Defendants.

**INDICTMENT**

91 Cr.

**91 CRIM. 1029**

## COUNT ONE

The Grand Jury charges:

1. From in or about October, 1989, up to and includ- ing on or about April 26, 1990, in the Southern District of New York, JILLIAN NUTTBROCK, a/k/a "Jillian Ljutica," and RAJKO LJUTICA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, namely, to violate Section 1344 of Title 18, United States Code.

2. It was an object of the conspiracy that JILLIAN NUTTBROCK, a/k/a "Jillian Ljutica," and RAJKO LJUTICA, the defendants, and others known and unknown, would unlawfully, willfully, and knowingly attempt to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property under the custody of a financial institution, namely, Security Pacific National Trust Company, 2 Rector Street, New York, New York (the "Bank"), the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and

fraudulent pretenses, representations, and promises, in violation of Section 1344 of Title 18, United States Code.

## OVERT ACTS

3.    In furtherance of said conspiracy and to effect the objects thereof, JILLIAN NUTTBROCK, a/k/a "Jillian Ljutica," and RAJKO LJUTICA, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York:

a.    On or about April 18, 1990, the defendant RAJKO LJUTICA opened an account at a Manufacturers Hanover Trust Bank branch office located at 1230 Avenue of the Americas, New York, New York.

b.    On or about April 20, 1990, the defendant JILLIAN NUTTBROCK, a/k/a "Jillian Ljutica," fraudulently initiated procedures to transfer approximately $475,025.25 from an account maintained at Security Pacific Bank by a client of her employer into the account described in subparagraph (a) above.

(Title 18, United States Code, Section 371.)

## COUNT TWO

The Grand Jury further charges:

4.    Between on or about April 18, 1990, and on or about April 26, 1990, in the Southern District of New York, JILLIAN NUTTBROCK, a/k/a "Jillian Ljutica," and RAJKO LJUTICA, the defendants, unlawfully, willfully, and knowingly did attempt to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property under the custody of a

A TRUE COPY
JAMES M. PARKISON, Clerk

By _____
         Deputy Clerk

financial institution, namely, Security Pacific National Trust Company, 2 Rector Street, New York, New York (the "Bank"), the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, namely, by the defendant, JILLIAN NUTTBROCK, initiating a fraudulent wire transfer directing the Bank to transfer approximately $475,025.25 from an account not owned by the defendants into an account maintained and controlled by the defendant, RAJKO LJUTICA, at another financial insitution.

(Title 18, United States Code, Sections 1344 and 2.)

_Otto G. Obermeier_
OTTO G. OBERMAIER

_Laurente_
FOREPERSON

EXHIBIT "B"

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 20, 1993

David W. Schmidt, Esq.
321 Broadway
New York, New York 10007

Re:  **United States v. Rajko Ljutica**
     **91 Cr. 1029 (SWK)**

Dear Mr. Schmidt:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York (the "Office") will accept a guilty plea from RAJKO LJUTICA to Count Two of the above-referenced indictment. Count Two charges that in April 1990, in the Southern District of New York, RAJKO LJUTICA and co-defendant Jillian Nuttbrock, a/k/a "Jillian Ljutica," unlawfully, willfully, and knowingly did attempt to execute a scheme to obtain money under the custody of a financial institution insured by the Federal Deposit Insurance Corporation by means of false pretenses, namely, by Nuttbrock initiating a fraudulent wire transfer directing the transfer of approximately $475,025.25 from an account not owned by the defendants into an account maintained by RAJKO LJUTICA at another financial institution, in violation of Title 18, United States Code, §§ 1344 and 2. This Count carries a maximum sentence of thirty years' imprisonment, a maximum fine of $1,000,000, a $50 special assessment that Ljutica agrees to pay before sentencing, and supervised release of five years.

In consideration of RAJKO LJUTICA's plea to the above offense, the Office, at the time of sentencing, will move to dismiss the remaining count against LJUTICA in the above indictment.

Pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following:

1.  Sentencing Guideline § 2F1.1(a) (as in effect November 1, 1992) is applicable to the offense charged in Count Two of Indictment 91 Cr. 1029 (SWK), resulting in a base offense level of 6.

David W. Schmidt, Esq.
May 20, 1993
Page -2-

2. Under the circumstances of this case, an acceptable method of determining the "loss" figure to be applied to the offense level table of § 2F1.1(b) is $475,025.25, the amount the defendants would have realized had the scheme charged in Count Two been successful. This figure results in an increase of 9 in the offense level.

3. The offense involved more than minimal planning; pursuant to § 2F1.1(b)(2), this results in an increase of 2 in the offense level.

4. Assuming a plea allocution acceptable to the Court, and in light of the defendant's timely notification of her intention to enter a plea of guilty, which notification will permit the Government and the Court to allocate its resources efficiently, a 3 level reduction in the offense level for acceptance of responsibility is warranted under Sentencing Guidelines § 3E1.1(b).

5. In accordance with paragraphs 1 through 4 above, the applicable Guidelines offense level is 14.

6. Based on information presently available to the Office, Ljutica's Criminal History category is Category I.

7. The Guidelines range established by the Sentencing Commission for offense level 14 for an individual in Category I is 15 to 21 months.

The parties further stipulate that neither party will seek any departure from the Guidelines sentencing range described in paragraph 7 above.

Pursuant to Sentencing Guidelines §6B1.4(d), it is understood that neither the Court nor the Probation Department is bound by the foregoing Guidelines Stipulations, either as to questions of fact or as to determination of the correct Guidelines to apply to the facts. Further, nothing in this Agreement limits the right of the office to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts relevant to sentencing, to RAJKO LJUTICA's sentencing range, and to Ljutica's criminal history category, that are available to the office at the time of sentencing.

It is understood that the sentence to be imposed upon RAJKO LJUTICA is determined solely by the sentencing Judge. The Office cannot and does not make any promise or representation as to what sentence Ljutica will receive.

David W. Schmidt, Esq.
May 20, 1993
Page -3-

In the event the Probation Department or the Court contemplates any Guidelines adjustments, enhancements or calculations not referred to above, the parties each reserve the right to make all appropriate arguments concerning same.

Notwithstanding the previous sentence, it is specifically understood and agreed that neither party will appeal a sentence by the Court that falls within the sentencing range calculated in paragraph 7 above, even should the Court and/or Probation Department reach that range by a Guidelines analysis different from that set forth in paragraphs 1 through 7 above.

The Office and RAJKO LJUTICA each reserve the right to make all appropriate arguments regarding at what point within the sentencing range calculated in paragraphs 1 through 7 above, or at such other sentencing range as the Court may determine, the defendant should be sentenced.

It is further understood that RAJKO LJUTICA will have no right to withdraw his plea of guilty should the sentence ultimately imposed by the Court differ from the range calculated in paragraphs 1 through 7 above. It is further understood that, in accordance with the provisions of Federal Rules of Criminal Procedure 11(e)(1)(B) & 11(e)(2), the recommendation set forth in paragraph 7 above is not binding on the Court or the Probation Department, and Ljutica will not be permitted to withdraw his plea of guilty if the Court ultimately rejects that recommendation.

David W. Schmidt, Esq.
May 20, 1993
Page -4-

There are no promises, agreements or understandings
between the office and RAJKO LJUTICA other than as set forth
herein.

Very truly yours,

ROGER S. HAYES
United States Attorney

By: _____
JOHN K. COFFEY
Assistant United States Attorney
(212) 791-1314

APPROVED:

_____
ANDREW C. MCCARTHY
Chief, General Crimes Unit

May 26 th 1993
_____
DATE

AGREED AND CONSENTED TO:

_____
RAJKO LJUTICA

APPROVED:

_____
DAVID SCHMIDT, ESQ.
Attorney for RAJKO LJUTICA

5/11/93
_____
DATE

EXHIBIT "C"

1

1    UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF NEW YORK
     ------------------------------x
3    UNITED STATES OF AMERICA,
4                                        91 Cr. 1029 (SWK)
                    v.
5    JILLIAN NUTTBROCK, a/k/a "Jillian
     Ljutica," and RAJKO LJUTICA,
6
                    Defendants.
7
     ------------------------------x
8
9                                        May 26, 1993
                                         3:15 p.m.
10   Before:
11        HON.  SHIRLEY WOHL KRAM
12                                       District Judge
13
14                    APPEARANCES
15
16   MARY JO WHITE
          United States Attorney for the
          Southern District of New York
17   JOHN P. COFFEY
          Assistant United States Attorney
18
19   INGA PARSONS, ESQ.,
          Attorney for Defendant Jillian Nuttbrock
20        52 Duane Street
          New York, New York
21
     DAVID W. SCHMIDT, ESQ.,
22        Attorney for Defendant Rajko Ljutica
          321 Broadway
23        New York, New York
24
25

          SOUTHERN DISTRICT REPORTERS  (212)  637-0300

2

1        THE COURT:  Both defendants are pleading guilty

2   to Count 2 of the indictment?

3        MS. PARSONS:  That's correct, your Honor.

4        MR. SCHMIDT:  That's correct, your Honor.

5        THE COURT:  Then I will address my questions to

6   both of the defendants.

7        It is Jillian Nuttbrock and Rajko Ljutica?

8        You don't use the name Nuttbrock.

9        DEFENDANT J. LJUTICA:  No.

10        MS. PARSONS:  Nuttbrock is my clients maiden

11   name.

12        THE COURT:  I think we better use that name for

13   both of them under the circumstances.

14        Do you understand that I have been informed that

15   you wish to plead guilty to Count 2 of this indictment?

16        DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

17        DEFENDANT J. LJUTICA:  Yes.

18        THE COURT:  Before accepting your guilty pleas,

19   there are a number of questions I have to ask you.  If you

20   don't understand my question or you want an opportunity to

21   speak to your lawyer, please tell me, because it's essential

22   for a valid plea that you understand everything I'm saying.

23   BY THE COURT:

24        Q.   Mrs. Ljutica, how old are you?

25        A.   Thirty years old.

SOUTHERN DISTRICT REPORTERS (212) 637-0300

3

1    Q.    And how many grades did you complete in school?

2    A.    High school and four years of college.

3          THE COURT:  Excuse me.  I want to swear you in.

4    JILLIAN LJUTICA and RAJKO LJUTICA,

5          the defendants, having first been duly sworn,

6          were examined and testified as follows.

7          THE COURT:  How old are you?

8          DEFENDANT R. LJUTICA:  I'm 35.

9          THE COURT:  And you?

10         DEFENDANT J. LJUTICA:  Thirty.

11         THE COURT:  And how many grades did you complete

12   in school?

13         DEFENDANT R. LJUTICA:  I completed high school

14   and I completed nautical superior maritime school and then I

15   graduated for master of foreign going, which is captain of

16   any vessel, which is another --

17         THE COURT:  Do you have any problem understanding

18   English?

19         DEFENDANT R. LJUTICA:  No, I don't, your Honor.

20         THE COURT:  You understand everything that is

21   happening here?

22         DEFENDANT R. LJUTICA:  Yes, I do.

23         THE COURT:  You understand everything I'm saying?

24         DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

25         THE COURT:  And would you tell me how many grades

4

1    you completed in school?

2        DEFENDANT J. LJUTICA:   Four years of high school

3    and four years of college.

4        THE COURT:   And do you have any problem speaking

5    or understanding English?

6        DEFENDANT J. LJUTICA:   No, I do not.

7        THE COURT:   Have either of you taken any drugs,

8    medicine, pills or had any alcoholic beverages within the

9    past 24 hours?

10        DEFENDANT J. LJUTICA:   No.

11        DEFENDANT R. LJUTICA:   No, your Honor.

12        THE COURT:   And do you understand what is

13    happening here today?

14        DEFENDANT R. LJUTICA:   Yes, I do, your Honor.

15        THE COURT:   Does either counsel have any question

16    regarding the competence of these defendants to plead?

17        MS. PARSONS:   No, your Honor.   On behalf of

18    Mrs. Ljutica, I have no question as to her competency today.

19        MR. SCHMIDT:   On behalf of Mr. Ljutica, I do not.

20        MR. COFFEY:   The government has no question.

21        THE COURT:   Then I will make a finding for the

22    record that the defendants are competent to plead.

23        You have both discussed your case with your

24    attorney?

25        DEFENDANT R. LJUTICA:   Yes, I did, your Honor.

        SOUTHERN DISTRICT REPORTERS (212) 637-0300

5

1      DEFENDANT J. LJUTICA:  Yes.

2      THE COURT:  Do you feel you discussed it

3   adequately?

4      DEFENDANT J. LJUTICA:  Yes.

5      DEFENDANT R. LJUTICA:  Yes, your Honor.

6      THE COURT:  Are you satisfied with your

7   attorneys' representation of you?

8      DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

9      DEFENDANT J. LJUTICA:  Yes.

10      THE COURT:  I want you to understand if you are

11   not satisfied, the court can appoint other counsel for you

12   at no cost to you.

13      Do you understand that?

14      DEFENDANT J. LJUTICA:  Yes.

15      DEFENDANT R. LJUTICA:  Yes.

16      THE COURT:  I am now going to make sure that you

17   are aware of your constitutional rights.

18      Do you understand that under the Constitution and

19   the laws of the United States, you are entitled to a trial

20   by a jury on the charges contained in this indictment?

21      DEFENDANT J. LJUTICA:  Yes.

22      THE COURT:  You have to say yes or no, please.

23      DEFENDANT R. LJUTICA:  Yes.

24      THE COURT:  Do you understand at that trial you

25   would be presumed to be innocent and the government would be

SOUTHERN DISTRICT REPORTERS  (212) 637-0300

6

1    required to prove you guilty by competent evidence beyond a

2    reasonable doubt before you could be found guilty and that

3    you would not have to prove your innocence?

4        DEFENDANT R. LJUTICA:  Yes.

5        DEFENDANT J. LJUTICA:  Yes, your Honor.

6        THE COURT:  Do you understand in the course of

7    that trial, witnesses for the government would have to come

8    to court and testify in your presence and your attorney

9    could cross-examine the witnesses for the government, object

10   to evidence offered by the government and offer evidence in

11   your behalf?

12       DEFENDANT J. LJUTICA:  Yes.

13       DEFENDANT R. LJUTICA:  Yes, your Honor.

14       THE COURT:  Do you understand that at that trial,

15   while you would have the right to testify if you wanted to

16   do so, you also would have the right not to testify and the

17   right not to be compelled to incriminate yourself and that

18   no inference or suggestion of guilt could be drawn from the

19   fact that you did not testify?

20       DEFENDANT J. LJUTICA:  Yes.

21       DEFENDANT R. LJUTICA:  Yes.

22       THE COURT:  Do you understand that the government

23   would have to prove its case against you beyond a reasonable

24   doubt to all the jurors?

25       DEFENDANT J. LJUTICA:  Yes.

7

1          DEFENDANT R. LJUTICA:    Yes.

2      THE COURT:    This is a guidelines case?

3      MS. PARSONS:    That's correct, your Honor.

4      THE COURT:    All right.    You will be sentenced

5   under the sentencing guidelines.

6      Has your attorney explained to you how the

7   sentencing guidelines operate and how they would affect your

8   case?

9          DEFENDANT J. LJUTICA:    Yes.

10         DEFENDANT R. LJUTICA:    Yes, your Honor.

11     THE COURT:    Do you understand that a sentencing

12   recommendation will be made in accordance with the

13   sentencing guidelines and I retain the discretion under

14   certain circumstances to impose the recommended sentence or

15   lesser or greater sentence up to the maximum permitted by

16   law, and if I impose a lesser sentence the government has a

17   right to appeal, if I impose a sentence which is greater

18   than the recommended sentence, you have the right to appeal?

19     Do you understand that?

20         DEFENDANT J. LJUTICA:    Yes.

21         DEFENDANT R. LJUTICA:    Yes, your Honor.

22     THE COURT:    Do you understand under the

23   sentencing guidelines parole has been abolished and if you

24   are sentenced to prison, you will not be released on parole?

25         DEFENDANT J. LJUTICA:    Yes.

SOUTHERN DISTRICT REPORTERS    (212) 637-0300

8

1      DEFENDANT R. LJUTICA:   Yes, your Honor.

2      THE COURT:   You understand that?

3      DEFENDANT J. LJUTICA:   Yes, I do.

4      THE COURT:   If you plead guilty and I accept your

5  plea, do you understand that you will waive your right to a

6  trial and all the other rights I have just discussed, there

7  will be no trial and I will enter a judgment of guilty and

8  sentence you on the basis of your guilty plea after

9  considering the sentencing guideline recommendation?

10     DEFENDANT J. LJUTICA:   I understand.

11     THE COURT:   Do you understand that?

12     DEFENDANT R. LJUTICA:   Yes, I do, your Honor.

13     THE COURT:   If you plead guilty and I accept your

14  plea, do you understand that I will ask you questions about

15  what you did in order to satisfy myself that you are guilty

16  as charged, that you will have to waive your right not to

17  incriminate yourself, that you will have to acknowledge your

18  guilt and that any statements you make today could be used

19  in future court proceedings against you for perjury or false

20  statement?

21     DEFENDANT J. LJUTICA:   I understand.

22     DEFENDANT R. LJUTICA:   Yes, your Honor.

23     THE COURT:   Do you fully understand that you have

24  the right to maintain your plea of not guilty and the right

25  to go to trial on all counts of this indictment?

SOUTHERN DISTRICT REPORTERS (212) 637-0300

9

1    DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

2    DEFENDANT J. LJUTICA:  Yes.

3    THE COURT:  Now that I have told you your rights,

4    do you still want to plead guilty?

5    DEFENDANT J. LJUTICA:  Yes.

6    DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

7    THE COURT:  Now, you both received a copy of the

8    indictment?

9    DEFENDANT J. LJUTICA:  Yes.

10    DEFENDANT R. LJUTICA:  Yes, I do.

11    THE COURT:  And have you read it?

12    DEFENDANT J. LJUTICA:  Yes.

13    THE COURT:  And do you understand it?

14    DEFENDANT J. LJUTICA:  Yes.

15    DEFENDANT R. LJUTICA:  Yes.

16    THE COURT:  And you discussed that indictment

17    with your lawyer?

18    DEFENDANT J. LJUTICA:  Yes.

19    THE COURT:  And you specifically discussed Count

20    2 to which you are pleading guilty?

21    DEFENDANT J. LJUTICA:  Yes.

22    DEFENDANT R. LJUTICA:  Yes.

23    THE COURT:  Do you have any questions about it?

24    DEFENDANT J. LJUTICA:  No.

25    DEFENDANT R. LJUTICA:  No.

10

1        THE COURT:   Do you understand that Count 2

2    carries a maximum sentence of 30 years imprisonment, a

3    maximum fine of $1 million, supervised release of five years

4    and a mandatory $50 special assessment, which you have

5    agreed to pay prior to the imposition of sentence?

6        DEFENDANT J. LJUTICA:   Yes.

7        DEFENDANT R. LJUTICA:   Yes.

8        THE COURT:   In addition, you should be aware that

9    if the terms and conditions of the supervised release term

10    are violated, you may be required to serve a further term of

11    imprisonment equal to the period of supervised release with

12    no credit for the time already spent on release?

13        DEFENDANT J. LJUTICA:   Yes.

14        DEFENDANT R. LJUTICA:   Yes, your Honor.

15        THE COURT:   Has anyone threatened you or anyone

16    else or forced you in any way to plead guilty?

17        DEFENDANT J. LJUTICA:   No.

18        DEFENDANT R. LJUTICA:   No, your Honor.

19        THE COURT:   This agreement that I have, which is

20    dated May 24, 1993 and executed by the defendants May 26,

21    1993, is this the full agreement between the parties?

22        Counsel?

23        MS. PARSONS:   Yes, your Honor, that is the full

24    agreement.

25        MR. COFFEY:   That agreement is between

SOUTHERN DISTRICT REPORTERS (212) 637-0300

11

1   Ms. Ljutica and the government, your Honor.    There is a

2   separate agreement for --

3        THE COURT:    Yes.    I'm sorry, his agreement is May

4   20, 1993.

5   Let me see when you executed that one.

6   You executed it on May 26 as well.

7   This is the full agreement between this defendant

8   and the government?

9        MR. SCHMIDT:    It is, your Honor.

10        THE COURT:    Counsel?

11   MR. COFFEY:    Yes, it is, your Honor.

12        THE COURT:    All right.    Has anyone made any

13   promise to you other than what is included in this agreement

14   to induce you to plead guilty?

15        DEFENDANT J. LJUTICA:    No.

16        DEFENDANT R. LJUTICA:    No, your Honor.

17        THE COURT:    Has anyone made any prediction,

18   prophesy or promise to you as to what your sentence will be?

19        DEFENDANT J. LJUTICA:    No.

20        DEFENDANT R. LJUTICA:    No, your Honor.

21        THE COURT:    Do you understand that any

22   recommendation of sentence agreed to by either the

23   prosecution or any agreement that the prosecution will not

24   oppose your attorneys' requested sentence or anything

25   contained in these plea agreements or anyone's predictions

SOUTHERN DISTRICT REPORTERS   (212) 637-0300

12

1     are not binding on the court and that you might on the basis

2     of your guilty plea receive up to the maximum sentence I

3     described to you earlier?

4          DEFENDANT J. LJUTICA:  I understand.

5          THE COURT:  You understand that?

6          DEFENDANT R. LJUTICA:  Yes, I do, your Honor.

7          THE COURT:  All right.

8          Will you explain to me in your own words what it

9     is you did and how you violated the law?

10         DEFENDANT R. LJUTICA:  Yes, your Honor.

11         On April 24, 1990, I went to Manufactures Hanover

12    and attempted to withdraw $375,000 from an account which

13    contained $475,000, money my wife had transferred into it.

14    I knew that this money had been fraudulently transferred to

15    the account.  This occurred in New York County.

16         THE COURT:  Does that cover it?

17         MR. COFFEY:  Yes, your Honor.

18         THE COURT:  All right.

19         DEFENDANT J. LJUTICA:  In April 1990, I was an

20    employee of Paine Webber Securities in New York City.  I had

21    access to letters of authorization which I, I used one of

22    these letters of authorization to transfer approximately

23    $475,000 to an account maintained by my husband.  I had no

24    authority to transfer these funds and I know what I did was

25    wrong.

SOUTHERN DISTRICT REPORTERS (212) 637-0300

13

1     THE COURT:  All right.

2         What would be a summary of the government's

3  evidence against these defendants?

4     MR. COFFEY:  The government would, among other

5  things, at trial, your Honor, produce the documentary trail

6  that includes the letters of authorization that directed an

7  arm of Paine Webber to transfer approximately $475,000 in an

8  account maintained by Paine Webber into an account that was

9  opened several weeks earlier by Mr. Ljutica and, further,

10  the first attempt failed, it was then attempted again -- the

11  first attempt failed, there was an attempt again on Monday.

12  The money was wired into the account.

13     We would produce a witness that would testify

14  that Mr. Ljutica then attempted to withdraw some funds from

15  that account, but was denied, and the money returned to

16  Paine Webber.

17     That's the summary, the gist of the case.

18     THE COURT:  Do you dispute anything that the

19  government has indicated to me?

20     MS. PARSONS:  No, your Honor.

21     DEFENDANT R. LJUTICA:  No, your Honor.

22     MR. SCHMIDT:  No.

23     THE COURT:  All right.

24     How do you plead to Count 2 of this indictment?

25     DEFENDANT R. LJUTICA:  I plead guilty.

14

1          THE COURT:  And how do you plead to Count 2?

2          DEFENDANT J. LJUTICA:  Guilty.

3          THE COURT:  You plead guilty as well?

4          DEFENDANT J. LJUTICA:  Yes.

5          THE COURT:  I find that you are competent to

6     plead, that you know your rights and your plea is a

7     voluntary one and I accept your guilty pleas.

8          Give us a date for sentence.

9          THE CLERK:  For Ms. Nuttbrock, sentencing date

10    will be October 20, 1993, for Mr. Ljutica it will be

11    September 22, 1993.

12         THE COURT:  Okay.  Thank you.

13         MR. SCHMIDT:  Thank you.

14         MR. COFFEY:  For the record, the government

15    consents to the defendants remaining on bail until

16    sentencing.

17         MR. SCHMIDT:  Thank you very much, your Honor.

18         MS. PARSONS:  Thank you, your Honor.

19

20

21                      - - -

22

23

24

25

SOUTHERN DISTRICT REPORTERS  (212)  637-0300