UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAJKO LJUTICA,

      Plaintiff,

   v.

ALBERTO R. GONZALES, U.S. Attorney
General, MICHAEL CHERTOFF, Secretary,
Department Homeland Security, EDUARDO
AGUIRRE, Director, U.S. Citizenship and
Immigration Services, ANDREA J.
QUARANTILLO, Field Office Director, New
York,

      Defendants.
------------------------------------------------------------ x

Electronically Filed

07 Civ. 6129 (JSR)


# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York  10007
Tel. No.: (212) 637-2822

KRISTIN L. VASSALLO,
Assistant United States Attorney
   – Of Counsel –

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    PLAINTIFF IS STATUTORILY BARRED FROM OBTAINING
    NATURALIZATION BECAUSE HE HAS BEEN CONVICTED OF AN
    AGGRAVATED FELONY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TABLE OF AUTHORITES

# TABLE OF AUTHORITES

## FEDERAL CASES

Chang v. INS, 307 F.3d 1185, 1190-91 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Dulal-Whiteway v. United States Department of Homeland Security,
   No. 05-3098-ag, _ F.3d _, 2007 WL 2712941, at *11-15 (2d Cir. Sept. 19, 2007). . . . . . . . .  2

Kawashima v. Gonzales, _ F.3d _, 2007 WL 2702330, at *4-5 (9th Cir. 2007). . . . . . . . . . . . .  4

Sui v. INS, 250 F.3d 105, 116-17 (2d Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Sulaymanov v. USCIS, 227 Fed. Appx. 3, 4 (2d Cir. 2007) .. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

United States v. Hanna, No. S1 94 Cr. 116 (RPP), 1995 WL 66616, at *1-2
   (S.D.N.Y. Feb. 16, 1995), aff'd, 122 F.3d 1058 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 2

United States v. Lasaga, 328 F.3d 61, 63 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

United States v. Rigas, 490 F.3d 208, 231 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

## FEDERAL STATUTES

8 U.S.C. § 1101(a)(43)(U). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 3, 5

18 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

18 U.S.C. § 1344. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2

Defendants Alberto R. Gonzales, Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, Dr. Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("CIS"),[1] and Andrea J. Quarantillo, Field Office Director, New York, (collectively, "defendants"), by their counsel, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of defendants' motion for summary judgment.

## ARGUMENT

### PLAINTIFF IS STATUTORILY BARRED FROM OBTAINING NATURALIZATION BECAUSE HE HAS BEEN CONVICTED OF AN AGGRAVATED FELONY

As defendants have argued in their opening brief, CIS properly denied plaintiff Rajko Ljutica's application for naturalization because his 1993 conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(U) and thus precludes him obtaining naturalized citizenship.

While Ljutica concedes that he pleaded guilty in 1993 to violating 18 U.S.C. §§ 1344 and 2, he argues that this conviction was not an "attempt" under subsection (U) because he did not possess the requisite intent and because he actually completed the crime. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp. Mem."), at 6. Specifically, Ljutica contends that the bank fraud was complete when the money from Paine Webber (which was housed at Security Pacific National Trust) was wired to his account at Manufacturers Hanover. See id. Because his claims do not undermine the denial of his application, the Court should grant summary judgment in favor of defendants.

---

[1] Eduardo Aguirre, originally named as a defendant in this lawsuit, is no longer the Director of CIS. Pursuant to Fed. R. Civ. P. 25(d), Dr. Emilio Gonzalez, the present Director, is automatically substituted for Mr. Aguirre as a defendant.

The statute under which Ljutica pled guilty, 18 U.S.C. § 1344,[2] provides that

> [w]hoever knowingly executes, or attempts to execute, a scheme or artifice-
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344; see also United States v. Rigas, 490 F.3d 208, 231 (2d Cir. 2007). Thus, by its terms, the statute applies to both completed schemes to defraud, as well as attempts to execute a scheme to defraud. See, e.g., United States v. Hanna, No. S1 94 Cr. 116 (RPP), 1995 WL 66616, at *1-2 (S.D.N.Y. Feb. 16, 1995), aff'd, 122 F.3d 1058 (2d Cir. 1995) (examining sufficiency of evidence for attempted bank fraud conviction under 18 U.S.C. § 1344). Significantly, however, the count to which Ljutica pled guilty only charged that Ljutica and his co-defendant "did attempt to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property under the custody of a financial institution." Declaration of Kristin Vassallo, dated September 17, 2007 ("Vassallo Decl."), Exhibit F (Indictment), at 2-3.[3] Indeed, in his plea

---

[2] 18 U.S.C. § 2, the other statute listed under Count Two of Ljutica's indictment provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal" and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

[3] Although Ljutica does not appear to contest the propriety of referring to the records of his conviction to determine whether it constitutes an aggravated felony, defendants note that the Second Circuit has recently reaffirmed that courts may look to indictments, plea agreements, and plea transcripts in making this inquiry. See Dulal-Whiteway v. United States Dep't of Homeland Security, No. 05-3098-ag, _ F.3d _, 2007 WL 2712941, at *11-15 (2d Cir. Sept. 19, 2007); see also Sulaymanov v. USCIS, 227 Fed. Appx. 3, 4 (2d Cir. 2007) (holding that BIA should have obtained alien's "actual plea agreement, plea colloquy transcript, or other official record of conviction [to]

agreement, Ljutica acknowledged as much, stipulating that $475.025.25 was "the amount the defendants would have realized had the scheme charged in Count Two been successful." See Vassallo Decl., Ex. G (Plea Agreement), at 2. Given these circumstances, it is clear that Ljutica pled guilty only to the attempt to commit bank fraud, rather than a completed crime.

Nonetheless, Ljutica argues that the transcript of his guilty plea demonstrates that he committed a completed crime, rather than an attempt, because the money in question was wired into Ljutica's account, thus completing the crime. See Pl. Opp. Mem. at 8. This claim is without merit. In determining whether a conviction constitutes an aggravated felony, a court must look to the charging document to determine the crime for which the individual was convicted. See Sui v. INS, 250 F.3d 105, 116-17 (2d Cir. 2001) (citing, with approval, BIA's examination of statutory description of offense and language of indictment in order to determine whether conviction constituted aggravated felony). Here, the count to which Ljutica pled guilty charged only that he attempted to execute a scheme to defraud a financial institution. See Indictment at 2-3. The prosecutor's statement that "[t]he money was wired into the account" in question (Vassallo Decl., Ex. H (Plea Transcript) at 13) does not alter the language of the indictment, nor does it elevate his conviction from an "attempt to scheme to defraud" to a completed "scheme to defraud." Because the indictment unambiguously charged Ljutica with only attempted bank fraud, Ljutica may not now claim that he pled guilty to a completed offense, rather than an attempt.

---

determine[] whether the facts to which [alien] apparently stipulated or allocuted were sufficient to prove that he was removable pursuant to 8 U.S.C. § 1101(a)(43)(U)").

Likewise, Ljutica may not now assert that he lacked the requisite intent. See Pl. Mem. Opp. at 7. By pleading guilty to Count Two of the indictment, Ljutica necessarily admitted that he acted "unlawfully, willfully, and knowingly" when he attempted to execute a scheme to defraud Security Pacific National Trust Company. See Indictment at 2-3. Ljutica also admitted during his plea allocution that he "knew that [the] money had been fraudulently transferred to the account." See Plea Transcript at 12. "A defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction." United States v. Lasaga, 328 F.3d 61, 63 (2d Cir. 2003). Having entered a guilty plea to Count Two of the indictment, Ljutica cannot now disclaim that he possessed the intent necessary to commit the crime.

Finally, although Ljutica argues that this Court may not look to the stipulation in his plea agreement because it was made "only for sentencing purposes," that claim should be rejected. Contrary to Ljutica's contentions, see Pl. Opp. Mem. at 6-7, he did in fact stipulate that $475,025.25 was "the amount the defendants would have realized had the scheme charged in Count Two been successful." See Plea Agreement at 2. While this stipulation was made in the context of determining an "acceptable method of determining the 'loss' figure" under the federal Sentencing Guidelines, see id., Ljutica is nonetheless bound by the provisions of that agreement in this proceeding. See, e.g., Kawashima v. Gonzales, _ F.3d _, 2007 WL 2702330, at *4-5 (9th Cir. 2007) (relying on stipulation in plea agreement as to amount of loss in determining whether conviction constituted aggravated felony); Chang v. INS, 307 F.3d 1185, 1190-91 (9th Cir. 2002) (same). Therefore, this Court may look to the plea agreement to conclude that the intended loss

4

was more than $10,000, and that Ljutica therefore attempted to commit bank fraud exceeding $10,000.[4]  See 8 U.S.C. § 1101(a)(43)(U).

In sum, because his conviction qualifies as an aggravated felony, Ljutica is precluded from demonstrating the good moral character necessary to obtain naturalization. Defendants' motion for summary judgment should therefore be granted, and the complaint dismissed in all respects.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in defendants' moving brief, defendants respectfully request that the Court grant their motion for summary judgment, deny plaintiff's motion for summary judgment, and dismiss plaintiff's complaint.

Dated: New York, New York
       October 8, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By:    /s/ Kristin L. Vassallo
KRISTIN L. VASSALLO
Assistant United States Attorney
Tel. No.: (212) 637-2822
Fax No.: (212) 637-2730

---

[4] Despite Ljutica's assertions, see Pl. Opp. Mem. at 14-15, defendants do not cite the plea agreement in order to show that an actual loss was sustained as a result of Ljutica's crime, but rather to show that the intended loss was more than $10,000, and that Ljutica therefore attempted to commit bank fraud exceeding $10,000. See 8 U.S.C. § 1101(a)(43)(U).