```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
RAJKO LJUTICA,                        :
                                      :
          Plaintiff,                  :     07 Civ. 6129 (JSR)
                                      :
          -v-                         :     MEMORANDUM ORDER
                                      :
MICHAEL B. MUKASEY¹ et al.,           :
                                      :
          Defendants.                 :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Both sides to this case, plaintiff Rajko Ljutica and all four defendants, have moved respectively for summary judgment. For the reasons set forth below, plaintiff's motion is denied and defendants' motion is granted.

On December 23, 1991, plaintiff was indicted for conspiracy to commit bank fraud (count one) and for attempted bank fraud (count two) in violation of 18 U.S.C. §§ 2, 371, and 1344. See Indictment, Exhibit F to Declaration of Kristin L. Vassallo ("Vassallo Decl."). On May 26, 1993, Ljutica entered into a plea agreement to plead guilty to count two and did in fact plead guilty to count two that same day. Defendants' Rule 56.1 Statement ("Def. 56.1") ¶ 2; Plaintiff's 56.1 Response ("Pl. 56.1 Response") ¶ 2. In both the plea agreement and the plea allocution, Ljutica acknowledged that the object of the scheme

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzalez as a defendant in this case.

was to defraud a bank of approximately $475,000.  See Plea Agreement, Exhibit G to Vassallo Decl.; Transcript of Plea, 5/26/93, Exhibit H to Vassallo Decl.  Judgment was entered on December 16, 1993.  Def. 56.1 ¶ 5; Pl. 56.1 Response ¶ 5.

On March 28, 2005, Ljutica applied to U.S. Citizenship and Immigration Services ("CIS") to become a naturalized United States citizen.  Def. 56.1 ¶ 6; Pl. 56.1 Response ¶ 6.  That application was initially denied on September 18, 2006, and, after Ljutica filed an administrative appeal, was again denied on March 9, 2007 on the ground that the 1993 conviction was an aggravated felony.  Def. 56.1 ¶¶ 7-9; Pl. 56.1 Response ¶¶ 7-9.  Ljutica then sought de novo review in this Court.

When CIS has denied a naturalization application and that denial has been confirmed by a senior naturalization officer (as it was here), the applicant may seek judicial review in the U.S. district court in his district of residence.  8 U.S.C. § 1421(c).  District court review of a naturalization denial is "de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."  Id.  The applicant who seeks de novo review bears the burden of establishing that he is entitled to naturalization.  See Berenyi v. District Director, INS, 385 U.S. 630, 636-37 (1967).  As in cases which originate in the district court, "[s]ummary judgment is appropriate where

there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotation marks omitted).

The general requirements for naturalization are set forth in 8 U.S.C. § 1427. Among other things, § 1427(a)(3) requires that "during all the periods referred to [the applicant] has been and still is a person of good moral character." 8 U.S.C. § 1427(a)(3). Under the Immigration and Naturalization Act, a person who "at any time has been convicted of an aggravated felony" cannot establish the good moral character necessary for naturalization. See 8 U.S.C. § 1101(f). The term "aggravated felony" means the offenses listed in 8 U.S.C. § 1101(a)(43), see 8 U.S.C. § 1101(f)(8), including "an offense that ... involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" and "an attempt or conspiracy to commit an offense described in [subsection (a)(43)]." 8 U.S.C. § 1101(a)(43)(M)(i) and (U). For the purposes of § 1101(a)(43)(U), an attempt requires "the presence of criminal intent and the completion of a substantial step toward committing the [underlying] crime." Sui v. INS, 250 F.3d 105, 115 (2d Cir. 2001).

Based on the undisputed facts and clear law, Ljutica is statutorily ineligible for naturalization because he is an

aggravated felon and thus barred by 8 U.S.C. § 1101(f) from establishing the good moral character required for naturalization. Ljutica pled guilty to attempted bank fraud, admitting at his plea that he "went to Manufacture[r]s Hanover[, the bank,] and attempted to withdraw $375,000 from an account which contained $475,000, money my wife [and co-defendant] had transferred into it. I knew that this money had been fraudulently transferred into [the account]." Transcript of Plea at 12:11-15. Bank fraud is defined in relevant part as "execut[ing] ... a scheme or artifice ... to obtain any of the moneys, funds, credits, assets, securities, or other property ... under the custody or control of[] a financial institution, by means of false or fraudulent pretenses." 18 U.S.C. § 1344. Since Ljutica's scheme contemplated obtaining approximately $475,000, his admitted crime falls within the definition of § 1101(a)(43)(U) -- i.e., he had the intent to commit and took a substantial step toward completing an offense that involved fraud or deceit in which the loss to the victim or victims exceeded $10,000. See 8 U.S.C. § 1101(a)(43)(M)(i). He is thus statutorily barred from becoming a naturalized U.S. citizen.

In order to try to get around this clear result, Ljutica offers a number of arguments, all of which are without merit. To begin with, he argues that he did not commit an "attempt" crime (rendering subsection (U) inapplicable) and that, inasmuch as the

bank fraud itself did not actually cause any loss to the bank (rendering subsection (M)(i) inapplicable), he has not been convicted of an aggravated felony.  Ignoring the language of the indictment, the plea agreement, and his own plea allocution -- all of which use the word "attempt" -- Ljutica argues that he was not convicted of an attempt because he went too far in his scheme for his actions to constitute a "substantial step" -- instead, according to Ljutica, his actions could only support a conviction for the completed crime of bank fraud.  Quite aside from its transparent sophistry, this argument suffers from several fatal flaws.  First, the plaintiff misunderstands the flexible concept of a "scheme" in this context.  Using the same facts, an indictment can define the relevant scheme to defraud in many different ways, some of which might lead to the conclusion that the scheme has been completed, and others of which might lead to the conclusion that the scheme has only been attempted.  Further, Ljutica's theory would render invalid a great number of plea agreements in which the government offers the defendant an opportunity to plead guilty to a lesser crime than that which the government might be able to prove at trial.  Finally, to the extent that Ljutica suggests his plea allocution was fatally defective in that it did not make out the elements of attempted bank fraud, Ljutica has waived this argument by failing to attack his plea on appeal.

In a related argument, Ljutica next suggests that the government should be estopped from arguing that his crime was an attempt. Ljutica bases this estoppel argument on a January 31, 1995 order to show cause sent by the INS to the plaintiff. See Order to Show Cause and Notice of Hearing, Exhibit I to Vassallo Decl. The order states that Ljutica was "convicted in the United States District Court, Southern District of New York, for the offense of Bank Fraud ... in violation of Title 18, United States Code, Sections 1344 and 2." Id. As a preliminary matter, the Court finds no material contradiction between the language of the INS order to show cause and the government's position before this Court that Ljutica was convicted of attempted bank fraud. Section 1344 defines both bank fraud and attempted bank fraud, but the entire section is simply labeled "Bank Fraud." See 18 U.S.C. § 1344. Thus the INS document accurately reflects both the section of the United States Code Ljutica was convicted of violating and the official title of that section. Even if the Court were to find that there was a contradiction between the INS's 1995 document and the government's current position, the Court would not estop the government on the facts presented here. The government received no benefit in the INS proceeding by the classification of Ljutica's crime as bank fraud rather than attempted bank fraud -- if there was any benefit from this arguable mistake, it was conferred on Ljutica.

Ljutica presents two final arguments. First, he argues that his 1993 conviction cannot be an absolute bar to a finding of good moral character because 8 U.S.C. § 1427(a) requires good moral character only during the "five years immediately preceding the date of filing his application." Second, Ljutica advances the argument that his good moral character has been conclusively established by the fact that in April 1996, despite his 1993 conviction, an immigration judge granted him a waiver of deportation under INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). See Order of the Immigration Judge, Exhibit J to Vassallo Decl. Both of these arguments are explicitly precluded by the Second Circuit's decision in Chan v. Gantner, 464 F.3d 289 (2d Cir. 2006). Chan held that "an applicant convicted of an aggravated felony is precluded under 8 U.S.C. § 1101(f)(8) from establishing good moral character regardless of when the conviction occurred." Id. at 294. The Chan court further held that "no authority supports the proposition that the government is foreclosed by a waiver of deportation from considering a conviction when determining the unrelated question of fitness for naturalization.... [I]t is entirely appropriate for the government to consider a conviction even if the alien has subsequently received a section 212(c) waiver." Id. at 294-95.

In short, because there is no genuine issue of material fact in dispute and the defendants are entitled to judgment as a

matter of law, the defendants' motion for summary judgment is granted, the plaintiff's cross-motion is denied, and the Clerk of the Court is directed to enter final judgment dismissing the complaint with prejudice.

    SO ORDERED.

                                          JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 19, 2007